JOHN LYONS *vs.* MARY WARD.

Suffolk.    March 12. — April 6, 1878.    COLT & MORTON, JJ., absent.

Under the Gen. Sts. *c.* 129, § 72, where an answer sets up two distinct defences, statements as to the one are not competent evidence against the defendant on the trial of the other.

An objection to the inconsistency of defences in an answer can be taken by demurrer only.

CONTRACT upon an account annexed for goods sold and delivered. The answer was as follows: "And now comes the defendant and denies each and every allegation in the plaintiff's

writ and declaration contained. And the defendant further says that the goods sold by the plaintiff, and for which he seeks to recover in this action, were spirituous and intoxicating liquors sold by him to this defendant within the Commonwealth of Massachusetts, and in violation of the laws of said Commonwealth, without consideration, and against law and equity and good conscience, and the plaintiff is not entitled to recover therefor. Further answering, the defendant says that she has paid the plaintiff in full all she ever owed him, and now owes him nothing."

. At the trial, in the Superior Court, without a jury, before *Allen,* J., the plaintiff read the declaration and answer, and rested his case, contending that the answer admitted the allegations of the declaration. The defendant did not offer any evidence. The plaintiff then asked the judge to rule that he was entitled to a finding in his favor. The judge refused so to rule, but ruled that the answer did not admit the allegations of the declaration; and ordered judgment for the defendant. The plaintiff alleged exceptions.

*J. W. O'Brien,* for the plaintiff.

*T. Riley,* for the defendant.

GRAY, C. J. The denial, at the beginning of the answer, of each and every allegation in the declaration, put in issue all the facts necessary to be proved by the plaintiff to make out a *primâ facie* case. *Davis* v. *Travis,* 98 Mass. 222. The plaintiff, for evidence in support of that issue, relied on the statements in subsequent clauses of the answer, setting up distinct defences: and cited *Jackson* v. *Stetson,* 15 Mass. 48, as establishing the rule that, when two pleas were pleaded, admissions in the one might be given in evidence on the trial of the other. But since that decision it has been enacted by the Legislature that statements in the pleadings should not be evidence on the trial. Rev. Sts. *c.* 100, § 18, and Commissioners' Report, § 17 and note. Gen. Sts. *c.* 129, § 72. *Walcott* v. *Kimball,* 13 Allen, 460. As the plaintiff offered no other evidence, judgment was rightly ordered for the defendant. Objections to the inconsistency of defences in the answer, as to the misjoinder of counts in the declaration, can only be taken by demurrer. Gen. Sts. *c.* 129, §§ 12, 16, 24. *Exceptions overruled.*