JOSEPH B. WALKER *vs.* ARTHUR ROBINSON, administrator.

Essex.    Nov. 8, 1883. — Jan. 1, 1884.    W. ALLEN & HOLMES, JJ., absent.

No particular kind of evidence is required to rebut the presumption, declared by the Pub. Sts. c. 197, § 23, that a judgment of a court of record has been paid and satisfied at the expiration of twenty years after the rendering thereof, but any legal evidence having a tendency to show that such judgment has not been paid or satisfied is competent: and if the evidence furnished is such as to produce conviction that the judgment has not been paid or satisfied, it is sufficient to rebut the presumption.

CONTRACT upon a judgment recovered by the plaintiff against Edwin Robinson, the defendant's intestate, in the Court of Common Pleas for the county of Norfolk, on January 8, 1850. Writ dated January 4, 1883. Trial in the Superior Court, without a jury, before *Mason,* J., who allowed a bill of exceptions, in substance as follows:

After proof of the record of the judgment, the plaintiff testified, in his own behalf, that at the time of the recovery of the judgment he resided in Stoughton, and Edwin Robinson resided in Haverhill; that, within a short time after the entry of judgment, he procured from his attorney an execution, and put it into the hands of John J. Marsh, an attorney at law in Haverhill, for collection; that he had had some communication since with Marsh on the subject of the execution; but it did not appear how long after their first interview, nor whether he ever received any reply to his communications.

He also testified that he had never had any communication with Edwin Robinson from the time of recovering the judgment to the time of Robinson's death; that he had never received any money or anything of value from Robinson or any person on account of the execution against him; that he lived in Stoughton until March, 1854, when he removed to Warren, Rhode

Island, where he lived until November, 1856; that he then removed to the State of Indiana, where he resided at the time of this action; that in the spring of 1870 he visited Massachusetts for a few days for the purpose of attending a funeral, staying in Bristol county, and, with that exception, had never been in the Commonwealth since removing from it, until the time of this trial; that on October 9, 1881, he wrote a letter to J. K. Jenness, at Haverhill, requesting him to look up the matter of the judgment, having obtained Jenness's name from a directory; that he had received a reply from Messrs. Moody and Bartlett, informing him that Jenness was dead, and that they had succeeded to his business; and that Marsh continued to be his attorney up to the time of his putting the matter in charge of Messrs. Moody and Bartlett.

Marsh, called as a witness by the plaintiff, testified to receiving the execution from the plaintiff, soon after it was issued; that he made inquiry at that time as to Edwin Robinson's standing, and was informed that he was worthless; that he could not specify or remember any time afterwards when he had made inquiry as to Robinson's standing; that he had never received anything himself on account of the execution, and did not know of any one in his employ receiving anything; that he never put the execution into the hands of an officer; that in none of his books which he had been able to find was there an entry of payment of the execution; that he had not been able to find any collection docket covering the period when the receipt of this claim for collection would have been entered; that he had had two different partners in the law business at different times, both of whom were living and practising law in other States, one having been connected in business with him, about 1860, for a year or more, and the other, earlier than that time, for about the same period; that Jenness was in his office as a clerk before and at the time of his admission to the bar, during the time in question, and was authorized to receive and receipt for collections; and that he himself retired from practice about 1872.

The affidavit of Francis H. Pearl was admitted by consent, to the effect that Pearl had possession of some of Marsh's papers, and that, at the request of Messrs. Moody and Bartlett, he had looked among Marsh's papers, and found the execution.

It appeared that Edwin Robinson had always lived in Haverhill until his death, on November 11, 1881.

The execution, which was admitted for the sole purpose of repelling any presumption which might have arisen from its non-production, was dated March, 1850, and there was no return on it, but it was marked on the back, in pencil, in writing which Marsh testified to be his, " Warren, Rhode Island."

This was all the evidence offered by the plaintiff. The defendant offered no evidence.

The defendant then requested the judge to rule that the evidence was not sufficient, as matter of law, to repel the presumption of payment. But the judge declined so to rule, and ruled otherwise; found as a fact that the judgment was not paid and satisfied; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*T. M. Osborne,* (*J. A. Gillis* with him,) for the defendant.

*W. H. Moody,* for the plaintiff.

COLBURN, J. The defendant relies for his defence to this action upon § 23 of the Pub. Sts. c. 197, which is as follows: " Every judgment and decree of a court of record of the United States, or of this or any other State, shall be presumed to be paid and satisfied at the expiration of twenty years after the judgment or decree was rendered."

The presumption declared in this statute may be rebutted by evidence showing that the judgment has not in fact been paid, but remains justly due. *Denny* v. *Eddy,* 22 Pick. 533. *Knapp* v. *Knapp,* 134 Mass. 353. *Brewer* v. *Thomes,* 28 Maine, 81. This being so, we see no reason, and are not aware of any controlling authority, for requiring any particular kind of evidence to rebut the presumption. We are of opinion that any legal evidence having a tendency to show that the judgment has not been paid or satisfied is competent; and that, if the evidence furnished is such as to produce conviction that the judgment has not in fact been paid or satisfied, it is sufficient to rebut the presumption. *Brewer* v. *Thomes, ubi supra.*

Before parties could be witnesses in their own behalf, the plaintiff in many, if not in most cases, could overcome the presumption only by showing some payment, promise, or admission of the debtor, and this is doubtless the reason that, in analogous

cases, there has been much discussion as to what acts, promises, or admissions of the debtor are sufficient, and little discussion as to any other evidence.

Evidence may be amply sufficient to rebut the presumption under this statute, which would be of no avail against the general statute of limitations, which limits the bringing of an action to a certain time after the cause of action accrues.

In this case, there was evidence tending to rebut the presumption of payment or satisfaction ; and, its weight and sufficiency having been determined by the judge in the court below, we cannot revise his finding.                *Exceptions overruled.*