Thomas C. Day, administrator, *vs.* Albert Crosby & others.

Same *vs.* Same.

Barnstable.    March 28, 1899. — May 19, 1899.

Present: Holmes, Knowlton, Morton, Lathrop, & Hammond, JJ.

*Foreign Judgment — Evidence — Statute — Presumption of Payment.*

In an action upon a judgment obtained in another State, a certified copy of the record of the judgment is admissible in evidence, although it is annexed to the declaration; and Pub. Sts. c. 167, § 75, providing that pleadings shall not be deemed evidence on the trial, do not apply.

In order to overcome the presumption, declared by Pub. Sts. c. 197, § 23, that a judgment of a court of record has been paid and satisfied at the expiration of twenty years after the rendering thereof, the evidence, in an action upon such a judgment, need not be as strong as that required to take a case out of the general statute of limitations.

Two actions of contract, by the administrator with the will annexed of the estate in this Commonwealth of George M. Jerollman, upon two judgments, one recovered on November 12, 1874, in the Miami County Circuit Court of Indiana, and the

other recovered on November 2, 1875, in the Circuit Court of the United States for the District of Indiana, by Jerollman against the defendants. Writs dated July 7 and October 21, 1896, respectively.

The cases were tried together in the Superior Court, without a jury, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff offered in evidence a certified copy of the record of the judgment sued upon in each case.

The defendant Crosby, who alone defended, objected to these records, not because they were not properly certified, but because they were annexed to the respective declarations and had become a part of the pleadings in the case, and therefore could not be considered as evidence on the trial. The judge overruled the objection, and admitted the records in evidence; and the defendant excepted.

The evidence tended to show that, prior to the times when the judgments were obtained, the defendants were copartners, engaged in business in Chicago, Illinois; and that they appeared personally or by counsel in the actions in Indiana and made defence thereto.

The plaintiff called the defendant Crosby as a witness, and he testified that he never had paid anything upon the judgments; and that after they were obtained the copartnership was dissolved and he came to this Commonwealth, where he had since resided.

The plaintiff called as a witness Stewart T. McConnell, who testified that he was an attorney at law practising at Logansport, Indiana, and his firm of attorneys, acting as counsel for Jerollman, obtained the judgments; and that the claims and judgments had always been in his hands, and although he had tried to do so, he had been unable to collect the judgments, or any part of them of any of the defendants named therein up to the present time.

This was all the evidence offered upon the question of whether or not the judgments, or any part thereof, had been paid.

The defendant asked for the following rulings:

"1. To overcome the presumption of payment as provided in Pub. Sts. c. 197, § 23, the evidence should be such as to produce conviction that the judgment has not in fact been paid.

" 2. On all the evidence the presumption has not been over-come."

The judge, with the consent of the plaintiff, gave the first request for rulings, but refused the second; and found for the plaintiff in each case. The defendant alleged exceptions.

*A. P. Worthen,* for the defendant.

*T. C. Day, pro se.*

HAMMOND, J. These two actions were tried together. In each case the plaintiff offered in evidence a duly certified copy of the record of the judgment upon which the action was based. The defendant objected to the admission of these copies, not because they were not properly certified, but because they were annexed to the respective declarations and had become a part of the pleadings; and he contended that therefore, under Pub. Sts. c. 167, § 75, they could not be considered as evidence at the trial. The court rightly admitted them.

The contention of the defendant is based upon a palpable misconception of the statute. The statute is entirely inapplicable. Its purpose was to declare that, in the proof of any issue raised by the pleadings, neither party should use as a part of that proof any statement made in the pleadings. A good illustration of the application of the statute is seen in *Lyons* v. *Ward,* 124 Mass. 364, where, in an action upon an account annexed for goods sold and delivered, the defendant pleaded, first, a general denial, and, secondly, that the goods were intoxicating liquors, and were sold by the plaintiff to the defendant in violation of law. It was held that the admission of a sale contained in the second plea was not evidence in support of the allegation on the issues raised by the first plea. Each specific defence is to stand as if alone, and no statement in either is to be used at the trial as evidence for or against either party upon either of the others. The statements in the pleadings are simply to raise issues. *Lyons* v. *Ward,* 124 Mass. 364, and the authorities therein referred to.

In the case at bar, the records were admissible as evidence, not because they were a part of the declaration, but because, being properly certified, they were under the general rule of evidence admissible to prove the existence of the respective judgments, and the fact that they had been used for another purpose did not change their character. They were offered, not as the

statement of the plaintiff, but as records duly authenticated, and as such were admitted.

As to the second request, the defendant contends that, in order to overcome the presumption of payment which exists under Pub. Sts. c. 197, § 23, the evidence should be as strong as that required to take a case out of the general statute of limitations. But it has been expressly decided the other way. Any legal evidence tending to show that the judgment has not been satisfied is competent, and if it produce a conviction that such is the case it is sufficient to rebut the presumption, even although it would be of no avail against the general statute of limitations. *Walker* v. *Robinson*, 136 Mass. 280.

The court at the trial adopted in substance this rule, refused to rule that on all the evidence the presumption had not been overcome, and found for the plaintiff in each case. Without reciting the evidence, it is sufficient to say that, upon looking it over, we are satisfied that it warranted the finding.

*Exceptions overruled.*