STANFORD L. HAYNES, executor, *vs.* THOMAS BLANCHARD.

Suffolk.    December 12, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Limitations, Statute of. Judgment. Words,* "Actions upon contracts."

In this Commonwealth there is no statute of limitations which applies to an action on a judgment which is shown to be unpaid.

The provision of R. L. c. 202, § 19, that a judgment of record "shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered" relates only to judgments in regard to which there is no proof that they remain unpaid.

The provision of R. L. c. 202, § 1, cl. 4, that "actions upon contracts which are not limited by the provisions of the following section or by any other provision of law" shall be commenced only within twenty years next after the cause of action accrues, does not apply to an action on a judgment of record, because such actions are limited by another provision of law contained in § 19 of the same chapter, and *semble* also because a judgment is not a contract within the meaning of the words "actions upon contracts" as used in the clause quoted above.

CONTRACT brought by the executor of the will of Laura A. Haynes upon a judgment in favor of the plaintiff's testator against the defendant rendered in the Superior Court on July 9, 1885. Writ dated November 21, 1905.

The answer contained a general denial and a plea of payment and set up the statute of limitations.

At the trial in the Superior Court before *Hitchcock*, J., without a jury, it appeared that the judgment was entered as set forth in the exemplification attached to the declaration; that it never had been paid in whole or in part; that it never had been reversed, annulled or satisfied; that the defendant had resided in this Commonwealth continuously since the date of the judgment; and that the writ in this action was brought more than twenty years after the entry of the judgment.

These were all the facts which appeared in evidence, and there was no controversy in regard to them.

The plaintiff asked the judge to rule as follows:

1. That the judgment was rendered as alleged in the plaintiff's declaration and that it has never been reversed, annulled or satisfied, and is now in full force.

2. That upon the facts the plaintiff is entitled to judgment in his favor.

The defendant asked the judge to rule as follows:

1. Upon the admitted facts, this action cannot be maintained.

2. The defendant is entitled to a finding in his favor.

3. The twenty years' statute of limitations applies to an action upon a judgment rendered by the Superior Court of this Commonwealth where there is nothing to avoid the operation of the statute.

4. If the plaintiff's testator recovered judgment against the defendant in this action in the Superior Court on July 9, 1885, and for more than twenty years thereafter the defendant continued to be a resident of this Commonwealth, and if nothing has been paid on account of the judgment, and no new promise has been made, and nothing appears to take the action out of the operation of any statute of limitations, the plaintiff cannot maintain this action.

The judge made the rulings requested by the plaintiff and refused to make the rulings requested by the defendant, and further ruled that the statute of limitations did not constitute a bar to this action, and that upon the facts the plaintiff was entitled to a judgment in his favor.

The judge found for the plaintiff in the sum of $4,726.43; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. F. Jenney*, for the defendant.

*H. H. Bosworth*, for the plaintiff.

KNOWLTON, C. J. This is an action upon a judgment, recovered more than twenty years before the date of the writ, and the only question is whether the action is barred by the statute of limitations.

The provision of the statute touching this question is found in R. L. c. 202, § 19, and is as follows: "A judgment or decree of a court of record of the United States or of this or any other State of the United States shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered." This is applicable only to those judgments which have been rendered more than twenty years. It is found in the chapter which contains the general statute of limitations, and it is a special limitation of judgments in regard to which there is no proof that they remain unpaid. It implies that, when there is such proof, the judgment may be enforced.

This statute was before the court in *Denny* v. *Eddy*, 22 Pick. 533. The court said in the opinion: "The only statute bar to an action on a judgment of a court of record is that contained in the Rev. Sts. c. 120, § 24, providing that every judgment 'shall be presumed to be satisfied and paid at the expiration of twenty years after the judgment was rendered.'" The case was considered in reference to a general plea of the statute of limitations, and this section is distinctly held "to be the only statute bar" to such an action. The general provisions of the statute were substantially the same then as now. Rev. Sts. c. 120, §§ 1, 7. R. L. c. 202, §§ 1, 2. In *Walker* v. *Robinson*, 136 Mass. 280, 282, this statute was again before us, and it was assumed both by counsel and the court that, on proof of non-payment, lapse of time was no bar to an action on such a judgment. In *Day* v. *Crosby*, 173 Mass. 433, there was the same assumption. We have been referred to no decision that modifies the doctrine of *Denny* v. *Eddy*, *ubi supra*, although there are two or three dicta, relied on by the defendant, which appear to have been uttered without a particular consideration of the question, and without thought of their application to this special provision of the statute. *Von Hemert* v. *Porter*, 11 Met. 210, 216. *Bannegan* v. *Murphy*, 13 Met. 251, 253.

The defendant relies upon the fourth clause of the R. L. c. 202, § 1, which includes within the limitation of twenty years "actions upon contracts which are not limited by the provisions of the following section or by any other provision of law." This provision was before the court when *Denny* v. *Eddy* was decided. The answer to the contention is that this judgment is limited by another " provision of law," within the meaning of the statute. Section 19 is a special limitation of all such judgments, unless there is affirmative proof that they have not been paid. Section 18 also declares that, " If a special provision is otherwise made relative to the limitation of any action, the provisions of this chapter which are inconsistent therewith shall not apply." Giving § 19 its true meaning, § 1, if construed as the defendant construes it, would be inconsistent with it.

Moreover, the whole force of the defendant's argument rests upon his contention that an action upon a judgment is an action upon contract, within the meaning of the fourth clause. This clause relates only to actions of contract founded " upon contracts," while § 2 includes " actions of contract founded upon contracts or liabilities, express or implied," except, etc.

There are many cases that treat a liability upon a judgment as contractual in its nature, and some that call a judgment a contract; but there are others in which the word " contract " has been held not to include a judgment. The meaning of the word often depends upon the connection in which it is used. See *Bidleson* v. *Whytel*, 3 Burr. 1545, 1548; *Louisiana* v. *Mayor of New Orleans*, 109 U. S. 285; *Chase* v. *Curtis*, 113 U. S. 452; *Morley* v. *Lake Shore & Michigan Southern Railway*, 146 U. S. 162, 169; *Jordan* v. *Robinson*, 15 Maine, 167, 168; *Wolffe* v. *Eberlein*, 74 Ala. 99; *Smith* v. *Harrison*, 33 Ala. 706, 710; *Rae* v. *Hulbert*, 17 Ill. 572, 579.

Actions upon the judgments referred to in § 19 are specially excepted from the provisions of R. L. c. 202, § 2, and we are of opinion that such judgments are not included in the fourth clause of § 1.

*Exceptions overruled.*