George F. Judson *vs.* Bertha J. Phelps, Executrix.

First Judicial District, Hartford, October Term, 1913.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

To overcome or rebut the common-law presumption that a judgment twenty years or more old has been paid, it is not essential that there should be proof of an acknowledgment and new promise such as might be required to removed the bar of the statute of limitations; any legal evidence which satisfies the trier that the debt is still unpaid is sufficient to warrant a recovery by the plaintiff.

In the present case the trial court found that the judgment had never been paid, but it did not appear from the finding that any demand had been made upon the judgment debtor, that he had expressly recognized the indebtedness, or that he was insolvent. *Held* that while these considerations tended to fortify the presumption of payment, they did not render such presumption conclusive nor were they necessarily inconsistent, as matter of law, with the conclusion that the judgment had not in fact been paid.

Argued October 8th—decided December 20th, 1913.

ACTION to recover the amount of a judgment obtained by the plaintiff in 1890 against the defendant's testator, brought to and tried by the Superior Court in Hartford County, *Holcomb, J.;* facts found and judgment rendered for the plaintiff for $922, and appeal by the defendant. *No error.*

*Theodore G. Case,* for the appellant (defendant).

*Percy S. Bryant* and *Morris S. Falk,* for the appellee (plaintiff).

RORABACK, J.   The complaint alleged that the plaintiff obtained a judgment against the defendant's decedent, Hiram W. Adams, January 10th, 1890, for $384.07; that the plaintiff duly presented his claim upon the judgment to the defendant as executrix of the estate of the deceased Hiram W. Adams; that the defendant refused to allow the same; that she gave the plaintiff notice of the disallowance thereof; and that the judgment was wholly unsatisfied and unpaid.

The defendant admitted all the allegations of the complaint except the one which averred that the judgment was unpaid. This was denied. Upon this issue the trial court found that the judgment was unpaid and rendered judgment for the plaintiff.

It appears from the finding that on January 10th, 1890, the plaintiff recovered a judgment against one Hiram W. Adams, in the Court of Common Pleas in Hartford County, for $354.51 damages and $29.56 costs of suit.   On August 18th, 1912, Adams died. On August 22d, 1912, the defendant was appointed executrix upon the estate of Adams by the Court of Probate for the district of Hartford, and duly qualified as executrix.   On or about January 9th, 1913, and within the time limited for the presentation of claims,

the plaintiff duly presented in writing his claim under the judgment to the defendant as executrix, and February 17th, 1913, the defendant, as executrix, disallowed the claim in writing and refused to pay the same.

When the judgment was rendered, and for several years thereafter, the plaintiff resided in Northampton, Massachusetts. From Northampton he removed to New Haven, Connecticut, where he has since resided. During all this time, and until his death, Adams resided in Bloomfield, Connecticut.

During the several years immediately following the date of the judgment, the plaintiff was in Hartford on repeated occasions and made diligent inquiries, of people whom he deemed likely to know, as to the financial condition of Adams, but was unable to learn that he was possessed of any property out of which the judgment could be satisfied, until after his death.

Before the death of Adams no execution was taken out on the judgment, nor were any other legal steps taken to enforce its collection. No demand was ever made upon Adams by the plaintiff for the payment of his judgment, nor was any execution ever taken out, or any other legal steps taken to collect the judgment, until the presentation of the claim to the defendant as executrix and the bringing of the present action.

The judgment now in question was rendered January 10th, 1890. This action was commenced March 1st, 1913, so that more than twenty-three years intervened between the date of the judgment and this attempt to enforce it. It is contended that the presumption of payment of a judgment after a lapse of twenty years can only be rebutted by proof of express recognition or acknowledgment of the debt, or by proof of a demand, or that the plaintiff has been prevented from taking action to collect his debt, or by the insolvency

of the debtor.   Although we have no statute of limita-
tions on this subject within which an action on a judg-
ment must be brought, it does by no means follow that
such a judgment never becomes obsolete, or that it may
be always enforced after an indefinite lapse of time.
It is a general rule that every judgment and decree of a
court of record of this State shall be presumed to be paid
and satisfied at the expiration of twenty years after the
judgment or decree was rendered.   This presumption
may be rebutted by showing that diligence has been
used to enforce the judgment, or by admissions of the
defendant, or other circumstances, such as insolvency,
or that the debtor was beyond the sea, or other evi-
dence which satisfactorily accounts for the delay.
Greenleaf says: "But in all these cases, the presumption
of payment may be repelled by any evidence of the
situation of the parties, or other circumstances tending
to satisfy the jury that the debt is still due." 1 Green-
leaf on Evidence (16th Ed.) § 39, p. 136; 2 Wharton on
Evidence (3d Ed.) § 1364.

In Massachusetts, where there is a statute declarative
of our common-law rule, it is said that every judgment
and decree of a court of record of that State shall be
presumed to be paid and satisfied at the expiration of
twenty years after the judgment or decree was rendered.
This presumption may be rebutted by evidence showing
that the judgment has not in fact been paid, but re-
mains justly due.   Any legal evidence having a tendency
to show that the judgment has not been paid or satisfied
is competent; and if the evidence furnished is such as
to produce conviction that the judgment has not in
fact been paid or satisfied, it is sufficient to rebut the
presumption.   *Walker* v. *Robinson,* 136 Mass. 280, 282.
See also *Haynes* v. *Blanchard,* 194 Mass. 244, 246, 80
N. E. 504.

The defendant contends that the presumption of a

payment of a judgment after a lapse of twenty years, and the bar interposed by the statute of limitations, are essentially the same. This is not so. The bar is removed by nothing less than a new promise to pay, or an acknowledgment consistent with such promise. The presumption is rebutted, or, to speak more accurately, does not arise, where there is affirmative proof, beyond that furnished by the judgment itself, that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor. *Bentley's Appeal*, 99 Pa. St. 500, 504. A judgment is not strictly a contract. It imposes a civil liability; it has a more conclusive legal effect than a contract by specialty. There is seldom any reason why one who has put a claim into a domestic judgment should proceed otherwise than by execution; and never any danger that, should no suit be brought upon it, the judgment debtor may be prejudiced by loss of evidence as to merits of the original demand. The rule of the common law, therefore, by which only a prima facie presumption of payment arises after twenty years, presents the only limitation of time to the collection of a domestic judgment which is recognized in this State. *Barber* v. *International Co.*, 74 Conn. 652, 656, 51 Atl. 857.

As stated, the Superior Court reached the conclusion that the judgment in question was unpaid. The appeal contains no exception to the finding, neither is it accompanied by the evidence as required by the statute. The only question properly presented before this court is whether the facts found warrant the conclusion of the trial court that the judgment was wholly unsatisfied. The facts found are consistent with the conclusion of the trial court that the judgment was unpaid. The plaintiff testified that it was still due. For several years after the judgment was rendered the plaintiff was a nonresident. He made diligent inquiry as to the

financial credit of Adams, but was unable to ascertain that he possessed any property during his lifetime. The fact that it does not appear that a demand was made upon the judgment debtor, or that there was any express recognition of the indebtedness on his part, or that he was insolvent, does not preclude the plaintiff's recovery. These facts were all circumstances which tended to fortify the presumption of payment; they did not render this presumption conclusive.

There is no error.

In this opinion the other judges concurred.