## Swift & Co. *v.* Hawkins.

(Division B.   Nov. 25, 1935.)

[164 So. 231.   No. 31938.]

G. Garland Lyell and George R. Nobles, both of Jackson, for appellant.

O. B. Triplett, Jr., of Forest, for appellee.

256

Argued orally by **G. Garland Lyell**, for appellant, and by **O. B. Triplett, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee recovered judgment for damages for an illness shown to have been caused by eating cheese which contained, embedded therein, the decomposed or moulded bodies of flies. The cheese was purchased by appellee from a local merchant who had procured it from a neighboring wholesaler who had purchased it from the appellant. The case is of that class wherein the courts must exercise more than the ordinary scrutiny because of the danger of fabrication and imposition. But on the record now before us, the proof is amply made, two of the witnesses being the merchant who sold the cheese, and the merchant's wife, the cheese having been returned to the store for inspection after its deleterious condition was discovered. The case comes well within such as Pillars v. R. J. Reynolds Tobacco Co., 117 Miss. 490, 491, 78 So. 365; Jackson Coca-Cola Bottling Co. v. Renna (Miss.), 97 So. 674; R. J. Reynolds Tobacco Co. v. Loftin (Miss.), 99 So. 13; R. J. Reynolds Tobacco Co. v. Stringer (Miss.), 103 So. 5.

Appellant has defended chiefly upon the fact that it did not manufacture the cheese here involved and cites Kroger Grocery Co. v. Lewelling, 165 Miss. 71, 145 So. 726. The proof seems to be that the cheese was manu-

factured either by Pauly & Pauly of Wisconsin, or by Swift & Co., an Iowa corporation, while the defendant here is Swift & Co., an Illinois corporation. The additional facts are, however, that the cheese in question was packed in wrappers contained in a box, and on each wrapper was printed or stamped the word "Brookfield," and that the word "Brookfield" is a trade-name exclusively used by Swift & Co. of Illinois to identify the highest class of cheese products which it places on the market. On the label on the box was printed the following: "Swift's Brookfield Cheese made from wholesome milk, distributed by Swift & Co., Chicago, Ill." The name of no other person or company appeared either on the inside wrappers or on the box.

There is thus presented an apt case for the application of the rule succinctly stated in American Law Institute, Restatement, Torts, section 400, as follows: "One who puts out as his own a chattel manufactured by another is subject to the same liability as though he were its manufacturer." A case directly in point is Burkhardt v. Armour & Co., 115 Conn. 249, 161 A. 385, 90 A. L. R. 1260. And see, also, Slavin v. F. H. Leggett & Co., 114 N. J. Law, 421, 177 A. 120, and Thornhill v. Carpenter-Morton Co., 220 Mass. 593, 108 N. E. 474. Compare Fleetwood v. Swift & Co., 27 Ga. App. 502, 108 S. E. 909.

The amount of the judgment is moderate, and it must be affirmed.

Affirmed.