Morton, J.
This is an action of contract entered in Court on June 9, 1934 in which the plaintiff seeks to re *583 cover on a judgment entered in a Court in the State of Rhode Island on May 28, 1908. The amount of the judgment with costs was $160.75.
This case has been tried three times, and after the third trial the Court found for the defendant and filed a written statement of “finding of facts.” After the finding was entered the plaintiff filed a “motion for finding for plaintiff,” and in connection therewith, and in support thereof, filed five requests for rulings. The Court entertained this motion, granted the fourth and fifth requests, and denied the others.
With regard to this motion the defendant contends that it is not properly before the Court, citing cases in support of the proposition that a motion for a finding made after the case is decided is made too late, and that requests for rulings in connection therewith raising issues which might have been raised at the trial cannot be raised as a matter of right. This, of course, is so in general, but does not cover a case like the one at bar where the Court entertains the motion and chooses to pass upon the requests for rulings. In such case the motion and requests for rulings are properly before the trial court and this court upon appeal.
In Malden Trust Company v. Perlmuter, 278 Mass. 259, with regard to a motion for a new trial and requests for rulings in connection therewith, the Court says at page 260:
“It is familiar law that the granting or denial of such a motion rests in sound judicial discretion unless at the hearing upon such motion some question of law is presented which could not have been raised at the trial on the merits or which could have been so raised and is entertained by the judge.”
The motion and the requests for rulings are, therefore, properly before us.
*584 The motion itself is to be regarded as a request that the evidence warranted a finding for the plaintiff. In Forbes v. Gordon & Gerber, Inc., 1937 A. S. 1055 the Court, after saying at page 1058 that such a motion could be given effect as a request, goes on to say at page 1059:
“But where the request is merely that a finding be made in favor of a defendant, the refusal of the request has been held equivalent to a ruling that the evidence warranted a finding for the plaintiff.”
In the instant case, therefore, the denial of the motion would, in effect, be a ruling that the evidence would warrant a finding for the defendant.
That is not the issue, however, because in the instant ease, as already stated, requests for rulings were filed in support of the motion, and the three denied are as follows :
“1. That as a matter of law the plaintiff is entitled to have his motion for finding for the plaintiff allowed.
“2. That as a matter of law the ‘Findings of Facts' filed by the Court in this case require the entry of a finding for the plaintiff in the amount declared upon in the plaintiff’s declaration.
“3. That on the law applicable to the facts found by the court the plaintiff is entitled to judgment in the . amount declared upon in the plaintiff’s declaration.”
The effect of these requests is that, as a matter of law, the finding should be for the plaintiff. The denial thereof raises the issue before us which is different from the issue that would have been raised if such requests had not been filed and acted upon.
In his findings the trial Court stated the facts in connection with the bringing of the prior action in Rhode Island and the securing of judgment therein, and found as a fact *585 that the judgment has not been paid, and then found or ruled that the plaintiff had not sustained the burden of proving that said judgment was not barred by the Statute of Limitations in force in Rhode Island. Such finding or ruling Avas error, as the statute limiting the maintenance of actions in this Commonwealth provides, with regard to judgments of other States, merely that there shall be a presumption of payment after the lapse of twenty years after the rendition thereof. G. L. (Ter. Ed.) ch. 260, §20. Haynes v. Blanchard, 194 Mass. 244. The Court recognized and corrected this error in alloAving the fourth and fifth requests for rulings filed by the plaintiff and heard in connection with his motion.
These requests raise the issue as to whether or not this action was barred, and were properly allowed, as the issue as to whether or not an action is barred depends upon the law of the forum, and usually it is the remedy that is affected and not the cause of action itself. In Brown v. Great American Indemnity Co., 1937 A. S. 1081 at page 1084 the Court says:
“It was governed by the statute of limitations of the forum, which might allow a greater time than one year, as the Rhode Island statute did.”
In that case the remedy was barred by the law of Massaciiusetts, was not barred by the law of Rhode Island, a judgment was obtained there, and it was held that it could be enforced here. In the instant case, therefore, the law of Rhode Island as to limitations of actions has no bearing, and the trial court Avas originally in error in that respect.
Whether or not he was in error the allowance of the fourth and fifth requests, holding that the action was not barred, became the law of the case as the defendant claimed no report thereon. Santa Maria v. Trotto 1937 A. S. *586 1061 at page 1066. The trial court apparently based his original finding upon his erroneous ruling that the action was barred by the law of Rhode Island. Notwithstanding his correction of this error he denied the motion of the plaintiff, but it does not clearly appear for what reason, except that, in denying the plaintiff’s first three requests he gave as a reason therefor:
“They are not in accordance with the finding of facts made in this case, see Hale v. Wilson, 112 Mass. 444.”
As this point was briefed and argued by both parties we accept it as the matter in issue arising from the denial of the motion and requests.
We think Hale v. Wilson, supra, is decisive of the issue in favor of the plaintiff. This case is authoritative, as it does not appear from the report that any evidence as to- the law of Rhode Island, other than the Statute of Limitations, was offered, and under these circumstances it is presumed that the law of Rhode Island is similar to that of Massachusetts.
In Seemann v. Eneix, 272 Mass. 189 the Court says at page 195:
‘ ‘ St. 1926, c. 168, did not change the nature of foreign law as fact or do away with the presumption that it is the same as the common law of this Commonwealth.”
In Hale v. Wilson the defendant induced the plaintiff to enter into a partnership by false representations and with the intent of appropriating to his own use the money contributed. It was held that the plaintiff could maintain an action at law to recover his money. In the instant case the Court finds as a fact that the parties in the original action in Rhode Island were partners, ‘1 and the action was brought for the fraudulent inducement by the defendant of the plaintiff to become a partner of the defendant.” The in *587 stant case would seem to be identical with the cause of action in Hale v. Wilson. It appears, therefore, that the Court in Rhode Island properly had jurisdiction of the matter as an action at law. To the same effect is Jewett v. Brooks, 134 Mass. 505 where the plaintiff, who had entered into a partnership arrangement which was later repudiated by his co-partner, wás allowed to recover damages therefor in an action at law.
In the instant case we think the Rhode Island Court had jurisdiction in an action at law to award damages to the plaintiff against his partner for fraud involved in inducing the plaintiff to enter into the partnership agreement. As the judgment therein entered has not been paid, and the remedy thereon is not barred, the plaintiff is entitled, as a matter of law, to a finding in his favor, and it was error prejudicial to his rights to deny the first three requests for rulings filed by him.
Under the provisions of §110 of Ch. 231 of G. L. (Ter. Ed.) the Appellate Division of each District Court is given all the powers relating to civil actions tried without a jury given by section 124 of the same chapter to the Supreme Judicial Court. That part of said §124 pertinent to' this case is as follows:
“Whenever a question in dispute at the trial of an issue of fact in any civil action or proceeding depends upon the decision of a question of law, the full bench of the supreme judicial court, upon appeal, exceptions or report or otherwise, may, if satisfied that it has before it all the facts necessary for determining the question in dispute, direct that such judgment or decree be entered or that such other action be taken as .shall accord with the determination of the full court;”
This case has been tried three times and obviously the-situation demands the application of the power granted by statute. All the facts are before us and, as we have said, *588 warrant a finding for the plaintiff. An order, therefore, will be entered vacating the finding for the defendant and directing that judgment be entered for the plaintiff for the full amount of the judgment and costs declared upon together with interest.