ELMORE *v.* GRENADA GROCERY CO.

(Division B.   September 23, 1940.)

[197 So. 761.   No. 34216.]

Stone & Stone, of Coffeeville, for appellant.

Cowles Horton, of Grenada, for appellee.

Argued orally by **W. I. Stone**, for appellant, and by **Cowles Horton**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant, the plaintiff, brought an action against appellee, the defendant, for damages for an illness alleged to have been caused by decomposed and decayed animal matter in a can of sliced pineapple, which appellant had purchased from a local retail merchant and of the contents of which can, appellant had partaken before the discovery of the foreign substance. The retail merchant had purchased the can, along with others, from appellee, a domestic corporation, engaged as a wholesale distributor of many lines of groceries.

The can was labelled "Volunteer Sliced Pine Apple. Packed for Volunteer Stores Incorporated of America, Chicago, Illinois." The label also had on it a circular design containing within the circle the letter "V" and around this letter there is printed "Volunteer Food Stores." The name of no other person or company appeared on the can, and so far as the record discloses there was no wrapper or other representative matter beyond that already quoted.

It is sufficiently shown by the evidence that appellee grocery company is the exclusive wholesale distributor of Volunteer food products in the territory where the retail purchase was made in this case; that it advertises itself extensively as the distributor of Volunteer products, and will not sell any of the Volunteer foods except to stores which likewise advertise themselves as Volunteer stores. It is admitted that appellee company did not prepare or pack the pineapples; but the argument of appellant is that, by the course of dealing and of advertising aforementioned, appellee had put out these sealed cans as if its own product and would thereby come within the holding of this court in Swift & Co. v. Hawkins, 174 Miss. 253, 164 So. 231.

The quoted label shows and plainly discloses that the canned pineapples were put out by appellee not as its own product, but as a product prepared for and put out by The Volunteer Stores Incorporated of America, a different corporation. The corporation last named was not sued here, and therein a sufficient distinction between the case now before us and the case of Swift & Co. v. Hawkins, supra, will at once appear. Compare Kroger Gro. Co. v. Lewelling, 165 Miss. 71, 145 So. 726. We are of the opinion that the trial court was correct in granting the peremptory instruction in behalf of appellee grocery company.

Affirmed.