HELEN C. HAMSON *vs.* STANDARD GROCERY COMPANY.

Suffolk.   December 5, 1951. — January 8, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Distributor, Bottle.

Evidence did not warrant a finding that a distributor of a negligently manufactured bottle of catsup put it out as his own product so as to be liable to a retail purchaser, injured when the cap flew off the bottle as she was opening it, under an alleged rule of law that one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.

CONTRACT OR TORT.   Writ in the Superior Court dated May 12, 1948.

The action was tried before *Nagle*, J.

*R. E. MacDonald*, for the plaintiff.

*P. S. Ratzkoff*, for the defendant.

WILKINS, J.   The plaintiff was hurt by the cap flying off a bottle of catsup purchased by her at a retail store. The defendant, a wholesale grocer, was the distributor,

but not the manufacturer. The declaration is in tort for negligence. The plaintiff excepted to the allowance of the defendant's motion for a directed verdict.

The plaintiff, a housewife, testified that on a day late in December, 1947, she purchased several articles at a grocery store, and carried them home. One of them, the bottle of catsup, she kept in her kitchen cabinet, not near a radiator or stove, until the following January 2. The bottle was "spic and span." There was nothing to indicate that anything was wrong with it in any way. On that day she pried the cap up slightly with the dull edge of a knife. The cap "popped up" with an "explosive sound, a sound like when you open a bottle of champagne," striking and breaking a lens of her eyeglasses. The contents of the bottle smelt sour and fermented. When buying the catsup, the plaintiff did not ask for any particular brand, and did not notice what brand she received.

No contention is, or could be, made that there is evidence of negligence in distribution or in any other respect on the part of the defendant. See *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413; *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, 95. The theory of the plaintiff's case is that there was negligence in manufacture, and that the defendant should be held to the liability of a manufacturer. We are referred to Restatement: Torts, § 400, reading, "One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." See *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593; *Swift & Co.* v. *Blackwell,* 84 Fed. (2d) 130 (C. C. A. 4); *Burkhardt* v. *Armour & Co.* 115 Conn. 249; *Fleetwood* v. *Swift & Co.* 27 Ga. App. 502; *Armour & Co.* v. *Leasure,* 177 Md. 393; *Tiedje* v. *Haney,* 184 Minn. 569; *Swift & Co.* v. *Hawkins,* 174 Miss. 253; *Slavin* v. *Francis H. Leggett & Co.* 114 N. J. L. 421; 117 N. J. L. 101; *Willson* v. *Faxon, Williams & Faxon,* 208 N. Y. 108.

We assume, without deciding, that there is evidence of negligence in manufacture. Without intimating an opinion upon the merits of the rule, at present we need only say

that the plaintiff does not bring herself within it. The cap on the bottle was marked, "'Vapor-vacuum' sealed. To open pry up." A label around the neck read, "Does not contain artificial coloring or preservative. Packed from fresh ripe tomatoes." On the main label there was, "John Alden Tomato Catsup. Contents 14 oz. avd. Standard Grocery Company Boston & New Bedford, Mass., Providence, R. I. Distributors." There was no evidence that "John Alden" is a brand of the defendant. There is no similarity in names. It is nowhere stated or intimated that this was the defendant's product. In fact, the inference is that the defendant's only connection with the bottle was as a distributor. In these circumstances, the defendant did not put the catsup out as its own product. Restatement: Torts, § 400, amended comment d (1948 sup.).

*Exceptions overruled.*