*Northern District*

No. 4891

*Fourth District Court of Eastern Middlesex*

No. 296 of 1954

**HERBERT LORD**

v.

**BONNELL MOTORS, INC.**

(October 27, 1955)

*Brooks, J.* This is an action in tort tried before (*Nash, Sp. J.*) to recover damages for personal injuries consisting of anguish of mind, physical and mental strain, surgical shock. The answer is general denial and a plea of contributory negligence.

The reported evidence is all contained in a brief paragraph in the report as follows:

"The plaintiff testified that on March 2, 1954, he was driving a 1953 Ford "6," purchased of the defendant by the plaintiff's wife, on route 20, on the way to Hartford, Connecticut, when a pounding in the engine occurred. The plaintiff drove the Ford to Omearer, East Hartford,

Ford dealers, where it was found that the crank-case was dry. Oil was added and the pounding stopped. On the same day, returning to Worcester over route 20, pounding of the engine began again and the plaintiff stopped at a gas station to check the oil level and found it to be correct or no loss of oil. The plaintiff continued to drive said Ford when 4 cylinders blew through the top and base of the engine."

Plaintiff filed the following requests for rulings, all of which were denied by the court.

"1.  On the evidence, the plaintiff is entitled to recover.

2.  The plaintiff has made out a prima facie case in law for negligence.

3.  The defendant owed the owner, as well as any driver of car in question, said driver having owner's permission to operate said car, a duty to see that automobile had no hidden defects.

4.  The plaintiff was in the exercise of due care, under the circumstances, in that his experience in driving cars prevented further damage to said car and possibly bodily injury.

5.  The plaintiff cannot be considered negligent in driving said car, even though he knew that the connecting rods would let go, with possible injury to himself.

6.  The plaintiff cannot be considered as assuming the risk of injury to himself in driving said Ford car.

7.  Conscious suffering ordinarily or usually follows bodily injury but that it can follow physical and mental strain or surgical shock.

8.  Anguish of mind occurs under great stress of nerves in doing of something under extremely trying conditions.

9.  The fact that the plaintiff did not own the car is no bar to his recovery.

10. The fact that the reason for losing oil was the cause of the engine blowing up and the additional fact of not being able to discover said reason or cause,

does not preclude negligence on the part of the defendant.

11. The fact that the defendant repaired said motor through another dealer, to which car was towed, is prima facie evidence of defendant's negligence.

12. The guarantee (sic) of the Ford Motor Company is the guarantee of its accredited agent, Bonnell Motors, Inc."

The court found as follows: [reproduced verbatim from the judge's report]

"This is an action of tort brought by the plaintiff against the defendant dealer to whom a Ford motor vehicle was sold to the wife of the plaintiff. The plaintiff was operating the vehicle in question when some trouble developed with the oiling system. The plaintiff was conscious of the difficulty and knew that the oil was not properly lubricating the car. While so doing four of the six cylinders burst through the top of the engine. The plaintiff received no direct contact from any part of the engine, but alleged severe shock and damage to his nerves as a result thereof, and I find that the plaintiff was shaken up and disturbed mentally for a period of time.

"I find that there was no contractual relationship express or implied between the plaintiff and the defendant under the circumstances that would be a basis for this action, and I therefor find for the defendant."

Plaintiff appealed from the denial of the court's rulings.

It is unnecessary to deal in detail with the requests for rulings. Some are obviously improper requests— like request No. 1—see Rule 27 of the District Court Rules. Several requests are for rulings of fact which are not reviewable by the Appellate Division. *Castano v. Leone,* 278 Mass. 429. *Gosselin v. Silver,* 301 Mass. 481, 482. Request No. 9 was a proper request but its denial, as well as the denial of any other request,

is of no avail to the plaintiff on this appeal since the reported evidence discloses no negligence on the part of defendant.

All we know of defendant's connection with this matter is that it sold a 1953 Ford car to plaintiff's wife. It does not appear when this sale took place or what use was made of the car by the purchaser between the time of purchase and March 2, 1954, when the incident complained of occurred. The account of the episode in the declaration states additional facts, but these of course are not evidence. G. L., c. 231, §87; *Day v. Crosby,* 173 Mass. 433, 435. *Herman v. Fine,* 314 Mass. 67, 69.

The report before us presents no basis for assuming that the absence of oil in the crankcase, which plaintiff appears to blame for his car trouble, was the fault of defendant rather than of the owner or the plaintiff or some other person for whom defendant is not responsible. That is a sufficient basis for deciding in favor of defendant.

The decision of the trial court was apparently based on the lack of contractual relationship between plaintiff and defendant. That is not an accurate view of the law. *Carter v. Yardley & Co., Ltd.,* 319 Mass. 92, 95. *Hanson v. Standard Grocery Co.,* 328 Mass. 263, 264. Nevertheless, the conclusion that plaintiff is not entitled to recover is correct. That is to say, the right result was reached for the wrong reason. It might also be noted that plaintiff does not allege any grievance against the finding itself, but only against the court's denial of his requests for rulings.

Since negligence of defendant is essential to plaintiff's recovery and there is no evidence of such negligence, we see no reason for upsetting the result in the trial court, however erroneously arrived at.

*Report dismissed.*

Pro Se, for the plaintiff, submitted on brief.

J. E. Andrews, Jr., for the defendant.