JOSEPH HINDS *vs.* ALMA BOWEN.

Suffolk.    April 2, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Evidence,* Presumptions and burden of proof, Of identity.    *Motor Vehicle,* Operation. *Name.*

In an action of tort for personal injuries resulting from the plaintiff being struck by an automobile, the writ named a certain woman, with no middle initial in her name, as the defendant and described her as "of Watertown." There was evidence at the trial of the registry number of the automobile but no evidence of the name in which it was registered. There also was evidence that the driver of the automobile was a stout woman, thirty-five years of age, with gray hair and reddish complexion. A witness for the plaintiff testified that he was acquainted with a woman of the same name, except for the addition of a middle initial, as that specified in the writ, who was thirty-nine years of age with gray hair and high color, who drove an automobile, and who stated to the witness that she had received a letter from the plaintiff's attorney charging her with having been in an accident and that she had been in an accident where she struck a boy. The defendant's attorney produced a letter from the plaintiff's attorney, addressed to a person of the same name as that specified in the writ at an address in Watertown, making claim for the plaintiff's injury. There was no evidence to show the residence of the woman of the name containing the middle initial, nor that she was known under that name without such initial. The defendant was not present at

the trial and offered no evidence. The trial judge ordered a verdict for the defendant. *Held*, that

(1) The mere similarity of names was not sufficient to warrant a finding that the woman described in the writ was the same person as the woman described as bearing the name with the middle initial;

(2) Although findings were warranted that the second woman was the person to whom the letter of the plaintiff's attorney was addressed and that she was the operator of the automobile which struck the plaintiff, a finding was neither required nor warranted that she was the woman against whom the action was brought;

(3) Upon the evidence for the plaintiff, the defendant was not required to be present at the trial nor to introduce evidence; and no inference could be drawn against her because of her failure to do so;

(4) On the evidence, the plaintiff had failed to sustain the burden, resting upon him, of proving that the defendant and the operator of the automobile which struck him were the same person or that there was such a relation between the defendant and the operator that the defendant would be liable for the operator's acts;

(5) The verdict properly was ordered for the defendant.

TORT. Writ dated June 10, 1926.

The writ described the defendant as "Alma Bowen of Watertown within our County of Middlesex." Material evidence at the trial before *Quinn*, J., in the Superior Court is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*E. M. Dangel, H. Krinsky, & L. E. Sherry*, for the plaintiff.
*W. B. Leach, Jr.*, for the defendant.

WAIT, J. The plaintiff, an infant of two and one half years, by his father and next friend brings this action at law against Alma Bowen of Watertown, for damages resulting from a collision with an automobile alleged to have occurred on or about May 13, 1926. At the trial there was evidence tending to show that the plaintiff and his custodian, his mother, were in the exercise of due care, and that the driver of the automobile was negligent; but the judge directed a verdict for the defendant because there was no sufficient evidence to show that the defendant was the driver of the automobile or was responsible for the acts of the driver. The only question arising on the report is the propriety of the order for the verdict.

The defendant introduced no evidence, and was not present at the trial.   The plaintiff introduced evidence of the registry number of the automobile which struck him, but no evidence to show in whose name the machine was registered.   His mother testified that the machine was driven by a stout woman with gray hair and reddish complexion, who "must have been thirty-five years of age old," "not a very small short woman."   All that she could recall of a talk with the driver at the time of the accident was that the driver said "she is sorry."   She was asked: "Now after the accident was all over did you see Miss Bowen?"   She answered: "Yes.   I took my baby into my arms."   Asked "Did you see Miss Bowen?" she answered "Yes"; and to the question: "Talk with her?" answered: "I talked with her." A witness for the plaintiff testified that for seven years she had known Alma G. Bowen who was a woman about thirty-nine years old, five feet six inches in height with gray hair and a very high color, and who drove an automobile.   She testified further that in June or July of 1926 Alma G. Bowen showed her a letter which she had received from Mr. Krinsky about a case, and asked if the witness knew a Mr. Krinsky, and said that she had been in an accident where she had struck a little boy.   On cross-examination she made answers to questions as follows: "Q. She showed you that letter and said do you know a Mr. Krinsky, he is making a claim for an accident — A. Yes. — Q. — charging me with being in the accident, or substantially words to that effect? What?   A. Well, I don't recall the exact wording of the letter, but that was it, he was claiming for an injury. — Q. He was claiming she was in the accident?   A. Yes. — Q. And that is what she said to you?   A. I saw the letter. — Q. Yes.   And that is all there was to it, she showed you the letter for the purpose of finding out from you if you knew a lawyer named Krinsky?   A. That is all."   One Eva Cohen testified that she was employed by Mr. Krinsky, the attorney for the plaintiff and had sent by mail two letters to Miss Alma Bowen which she identified.   These letters were in the possession of and were introduced by the de-

fendant's attorney. They were addressed to Alma Bowen, one at 205 and one at 265 Mt. Auburn St., Watertown. They bore dates May 22, and May 28, 1926, and both were signed by Hyman Krinsky. The first notified the addressee that Mr. Krinsky had been consulted in behalf of Joseph Hinds about an accident on Allen Street, Boston, at five o'clock of May 13, 1926, and asked that she or her attorney get in touch with the writer. The second gave notice that Mr. Krinsky would institute proceedings against the addressee unless he heard from her at once with reference to the claim in behalf of Joseph Hinds. The writ bore date June 10, 1926. There was no testimony that the Alma G. Bowen described by the witness lived at Watertown, or was known as Alma Bowen.

Her similarity of name is not sufficient evidence to warrant a finding of identity, *Ayers* v. *Ratshesky*, 213 Mass. 589, 593, 594; although taken with other evidence of likeness it may suffice to take the issue of identity to a jury. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197, 202, and cases cited. The evidence reported contains no description of the defendant Alma Bowen other than as a resident of Watertown. It is ample to justify findings that Alma G. Bowen was the driver of the machine which injured the plaintiff, and, within a month or two of the event, had admitted that she had been in an accident where she had struck a little boy. It would support further findings that when she made that statement she had in her hand a letter from the plaintiff's attorney addressed to Alma Bowen at Watertown referring to an accident to a little boy on May 13, 1926, claiming damages therefor, and charging her (the speaker) with being in the accident. Plainly, as against Alma G. Bowen this would justify a finding that Alma G. Bowen was the Alma Bowen who was addressed in the letter. It does not follow, however, that the evidence will justify a finding against Alma Bowen, the defendant here, that she is the Alma G. Bowen who drove the car and admitted striking a little boy. Alma G. Bowen's admission of identity with the person addressed in the letter is not a statement that she is the Alma Bowen here defending. Alma Bowen of Water-

town and Alma G. Bowen, residence unknown, are not shown to be the same.

The defendant was under no obligation to be present in court or to introduce evidence until the plaintiff had shown enough to require it.  No inference can be drawn against her from her absence.  *Bishop* v. *Pastorelli*, 240 Mass. 104.

The burden of proving the identity of the defendant with the driver of the car or the existence of such a relation between defendant and driver that the defendant was liable for the driver's acts was on the plaintiff.  In our opinion the trial judge was right in holding that the evidence on those issues was not sufficient to require submission to the jury. In accord with the report the entry must be

*Judgment for the defendant.*