ISAAC HERMAN *vs.* JACOB FINE.

Suffolk.    May 10, 1943. — May 25, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Evidence,* Of identity, Pleadings as evidence.

Bald identity of name without confirmatory facts or circumstances is not sufficient to prove identity of person.

A general denial in the answer in an action upon a judgment required the plaintiff to prove that the defendant was the person against whom the judgment was rendered.

Under §§ 87, 90, of G. L. (Ter. Ed.) c. 231, an averment in the answer in an action upon a judgment, that "the parties" had entered into a certain stipulation in another suit, a copy of which was annexed to the answer, could not be used as evidence upon the issue, raised by a general denial in the answer, whether the defendant was the person against whom the judgment was rendered.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 6, 1942.

The case was heard by *Tomasello,* J. He found for the plaintiff and reported the case to the Appellate Division,

which ordered the report dismissed. The defendant appealed. In this court the case was submitted on briefs.

  *D. Gorfinkle,* for the defendant.

  *J. M. Boyle & A. West,* for the plaintiff.

QUA, J. The plaintiff declared upon a judgment which he alleged he had recovered against the defendant. The defendant answered (1) a general denial, (2) payment, (3) a release, and (4) that "the parties" entered into a stipulation, filed in the office of the clerk of the Superior Court "in the case numbered 52901 equity"; that a copy of the stipulation was annexed to the answer in this action; and "that the plaintiff has not exercised his rights as required by the terms of said agreement; wherefore the defendant now owes the plaintiff nothing." The terms of the stipulation need not be stated further than to say that in it the "respondent" agrees to assign some shares in "the Humboldt Realty Trust, Inc. as collateral security for execution obtained by petitioner in the above case." The words "the above case" seem to refer to the equity suit mentioned in the answer.

At the trial of this present action the plaintiff introduced in evidence an execution from the Superior Court, wherein it appeared that a judgment had been entered in behalf of the plaintiff against one Jacob Fine of Boston, and testified that no payments had been made upon it. Both parties then rested. The defendant requested rulings to the effect that the evidence would not warrant a finding that the defendant was the Jacob Fine against whom the plaintiff had recovered the judgment on which this action was brought. In denying these requests the judge referred to the statements in the defendant's answer relative to the stipulation as identifying the defendant as the person against whom the execution issued.

There was error in denying the requests.

In this Commonwealth "bald identity of name without confirmatory facts or circumstances" seems never to have been considered quite sufficient to prove identity of person. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593, 594, where the cases are discussed. *Commonwealth* v. *Briggs,* 5 Pick.

429. *Belknap* v. *Gibbens*, 13 Met. 471, 474. *Commonwealth* v. *Hollis*, 170 Mass. 433, 436. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197, 202. *Baker, petitioner*, 310 Mass. 724, 731, 732. See *Hinds* v. *Bowen*, 268 Mass. 55, 58; *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189, 192. The defendant's general denial made it incumbent upon the plaintiff to prove every element of his case, including the fact that the defendant was the person against whom he had a judgment. Although very slight evidence might have been enough, at least something more than identity of names was necessary.

The trial judge found the required additional evidence in that part of the defendant's answer wherein he sets up the alleged affirmative defence arising out of the stipulation. This was error. General Laws (Ter. Ed.) c. 231, § 87, reads, "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them." Section 90 of the same chapter reads: "If a defendant answers two or more matters in his defence, no averment, confession or acknowledgment contained in one of them shall be used or taken as evidence against him on the trial of an issue joined on any other of them." As a matter of pleading, statements in the pleadings "bind the party making them," but such statements are not to be used in the same case as evidence in the process of proving something not admitted in the pleadings. *Day* v. *Crosby*, 173 Mass. 433, 435. The defendant has not admitted that he is the person against whom the plaintiff's execution runs. On the contrary, he has denied it. He has also pleaded several affirmative defences. The judge has taken facts alleged by the defendant in setting up one of these affirmative defences and instead of using them as part of the pleading in connection with that defence he has used them in deciding an entirely different issue arising on the plaintiff's case in chief. This is using the pleadings as evidence and is contrary to the statutes hereinbefore quoted. It has been held a number of times that facts stated in one count of a declaration cannot be used against the pleader in determining the issues upon another count, and that facts

stated in pleading one separate and complete defence cannot be used in determining the issue upon another separate and complete defence. *Phillips* v. *Smith*, 110 Mass. 61. *Lyons* v. *Ward*, 124 Mass. 364. *Blackington* v. *Johnson*, 126 Mass. 21, 23. *Manners* v. *Haverhill*, 135 Mass. 165, 170. *Beacon Motor Car Co.* v. *Shadman*, 226 Mass. 570, 578. *Kenney* v. *Boston & Maine Railroad*, 301 Mass. 271, 274, 275. See *Walcott* v. *Kimball*, 13 Allen, 460. These rules are in furtherance of justice and are directed to the end that parties shall have the full benefit of all claims and all defences which the facts may support without fear of losing one by alleging another.

The order dismissing the report is reversed, and the case is to stand for a new trial.

*So ordered.*