*Northern District*

No. 4636

**ANTOINETTE NICHOLS
ROSE PUNTONIO
MARY McCONNELL
YVONNE (PETEL) PETIT**

v.

**HARRY G. PARS**

(May 8, 1953)

*Cavan, J.* This is an action of tort, to recover for personal injuries and property damage, allegedly caused by the negligence of the defendant in the operation of a motor vehicle. The defendant's answer contains a general denial. allegations of contributory negligence and the defence that, at the time of the accident, the motor vehicle was not being operated

by and under the control of a person for whose conduct the defendant was legally responsible.

On September 28, 1951, an automobile belonging to the plaintiff, Antoinette Nichols, was stopped at the intersection of Prospect and Austin Streets, and its driver was awaiting a sign from a traffic officer to proceed. At the time, all of said plaintiffs were seated in said automobile. While it was so stopped, a motor vehicle, driven by one Peter Pars, coasted into it with sufficient force to lock bumpers. The plaintiffs thereby received personal injuries, and said automobile was damaged.

The defendant did not appear at the trial. The report contains no evidence as to the registration of said motor vehicle.

The only testimony reported, as to the ownership of said motor vehicle, was given by its driver, Peter Pars, who stated that it was owned by his brother, Harry. There was no evidence that this defendant was a brother of said Peter Pars.

The trial judge found for each of the plaintiffs, after denying the following defendant's requests for rulings.

"5.     There is no evidence as to the identity of the defendant and thus there must be a verdict for the defendant.

6.     There is no evidence that the driver of the defendant's car is one for whom the defendant is legally responsible."

The defendant claims to have been aggrieved by the denial of these requests.

"In the light of our decisions . . . bald identity of name without confirmatory facts or circumstances is not enough to indicate identity of person." *Ayers v. Ratshesky,* 213 Mass. 589, 594; *Herman v. Fine,* 314 Mass. 67, 68, 69.

The judge included, in his statement of findings, the declaration and answer, but G. L. (Ter. Ed.) c. 231, §87, reads: "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them." The answer contained no admission of ownership of said motor vehicle.

The answer did include a general denial, which made it incumbent upon the plaintiffs to prove every element of their case, including the allegation that the defendant was the owner of the motor vehicle which coasted into the plaintiff's automobile. *Herman v. Fine,* supra. The testimony of its driver, Peter Pars, that the motor vehicle belonged to his brother Harry, without connecting that relationship with the defendant, or showing that the said motor vehicle was registered in the name of the defendant, is merely partial proof of identity of name. The denial of the defendant's fifth request for ruling was error.

If there were sufficient evidence that the defendant is the brother of the driver, Peter Pars, the burden was on the plaintiffs to prove that Peter Par was a person for whose conduct the defendant was legally responsible, because they failed to produce evdence "that at the time of such accident or collision it (motor vehicle) was registered in the name of the defendant as owner," G. L. c. 231, §85A. *Smith v. Freedman,* 268 Mass., 38, 40. The plaintiffs did not sustain this burden of proof, for the report does not disclose any evidence in relation to it. It was error to deny the defendant's sixth request for ruling.

Findings for the plaintiffs are to be vacated, and a finding for the defendant ordered.

Attorney for the Plaintiffs: Guido Disciullo.

Attorney for the Defendant: Norman P. Member.