No. 437495

## MASSACHUSETTS GENERAL HOSPITAL
### v.
## JACOB J. LOCKE ET AL

(March 22 — May 20, 1957)

*Present*:   ADLOW, C. J., BARRON AND ROBERTS, JJ.

*Roberts, J.*   This is an action of contract in which the plaintiff alleges that the defendant is indebted to it in the sum of $344.85 as per account annexed marked "A". The answer was a general denial, that the services were rendered in a negligent manner, and called upon the plaintiff to prove the reasonableness of its charges.

*The only evidence in the case was as follows:*

"An Assistant Superintendent of the hospital testified that he has control and custody of the records of the hospital and that they were kept under his jurisdiction and supervision. He further testified that the ledger card shows that one Samuel Abrams of 35 Howard Street, Boston, Massachusetts was admitted to the hospital on April 4, 1956 and was discharged therefrom on April 20, 1956. He further testified that the charges as shown by the records of the hospital were for board, room and medical services at the rate of $16.00 per day and the usual extra charges for x-rays, laboratory and chemical laboratory amounting in total to $344.85."

The defendant objected to this evidence being

introduced on the ground that the defendant's intestate was not identified nor was there any evidence as to the value of the services or the skill.

The court allowed this evidence *de bene*. The defendant requested the court to strike out all of the *de bene evidence* first because the defendant's intestate in this action was not identified as the patient who received the medical services at the hospital and secondly as there was no evidence as to the fair value of the services or as to the skill exercised in the services rendered. The court refused to strike out this testimony. The defendant excepted and claimed a report which is incorporated in and part of the report. This was the only testimony offered by the plaintiff.

After this testimony the plaintiff rested and the defendant rested without offering any evidence. The defendant moved to exclude the evidence *de bene*. The court found for the plaintiff on the declaration.

At the close of the trial and before final argument, the defendant filed the following requests for rulings.

1. Upon all the credible evidence the court must find for the defendant. *Denied.*

2. The burden is on the plaintiff to prove that the identity of its patient is the same as the deceased defendant in this case. *Granted.*

3. Upon a count for services rendered, the plaintiff must prove the quality as well as the quantity of the services as part of his case. *Granted.*

4. When the plaintiff comes into court, he must be prepared to show that the work done was worth as much as declared in his declaration. *Granted.*

5. The plaintiff is only entitled to what its services are worth and has the burden of proving its value. *Granted.*

The defendant's general denial made it incumbent upon the plaintiff to prove every element of its case including proving the identity of the defendant's intestate with the person charged by the hospital

records or the existence of such relationship between the defendant's intestate and the person liable to the hospital. The trial court correctly so ruled in granting the defendant's second request.

If the hospital record does not accomplish this, it was inadmissible, and the court should have granted the defendant's first request. The ledger card of the hospital shows that one Samuel Abrams of 35 Howard St., Boston, was the patient, but the address of the defendant's intestate was apparently never established, and we can only speculate as to where he resided on April 4, 1956, the admission date given in the hospital record.

Whatever the rule elsewhere "bald identity of name without confirmative facts or circumstances" has never been enough in this Commonwealth to establish the identity of a person. *Herman v. Fine*, 314 Mass. 67-68.

This rule seems decisive to us under the circumstances of this case, and applies in the first instance to the admissibility of the hospital record. A new trial will therefore be required. *Ayers v. Ratshesky*, 213 Mass. 589, 593-594.

*New trial ordered.*

Gorman, Voss, Brodbine & Gorman for the Plaintiff.

James I. Yoffa and Sidney Westerman, for the Defendant.