BROCKTON HOSPITAL *vs.* JOHN COOPER.

Plymouth.   December 7, 1962. — March 26, 1963.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence,* Of identity, Book entry.   *Contract,* Parties, Implied, With hospital.   *Husband and Wife,* Necessaries.

At the trial of an action by a hospital for care and board furnished, testimony by the employee of the plaintiff in charge of its records as to the charges and a credit on the account in question was properly admitted under G. L. c. 233, § 78.   [617]

At the trial of an action by a hospital for care and board furnished to a patient, evidence that the name and address appearing in the hospital account for that patient were identical with those stated in the writ and the return of service and that the defendant appeared and answered warranted a finding that he was the one named in the hospital account.   [617–618]

At the trial of an action against a husband by a hospital for care and board furnished to his wife, the judge properly denied requests by the defendant for rulings that the services rendered by the plaintiff were not necessaries.   [618]

CONTRACT.   Writ in the District Court of Brockton dated September 5, 1961.

The defendant appealed from an order by the Appellate Division dismissing a report following a finding for the plaintiff by *Kupka, J.*

*Victor G. Fields,* for the defendant, submitted a brief.

*Willis A. Downs* for the plaintiff.

REARDON, J.   The plaintiff brought an action of contract in which the declaration set forth in one count, with an account annexed, that the defendant owed it the sum of $1,176.10 for hospital care, board, medical services, and supplies furnished to the defendant's wife.   The defendant answered (1) a general denial and (2) that "there was a failure of consideration in plaintiff's performance of its contract upon which recovery herein is sought" by virtue of unskilful treatment of the defendant's wife which resulted in injury to her.

The only witness at the trial was the assistant manager in the office of the plaintiff who had charge of all hospital records. Over the defendant's objection she testified to the itemized charges on the "Cooper account," that they were fair and reasonable, and to a credit of $110.60 appearing on the account, the origin of which was not identified. On a claim of report by the defendant the Appellate Division found no error in the admission of this evidence. With that conclusion we concur. See G. L. c. 233, § 78; *Household Fuel Corp.* v. *Hamacher,* 331 Mass. 653, 658.

Both parties having rested, the defendant made requests for rulings,[1] all of which were denied by the judge.

It is argued by the defendant that there was no evidence to support a finding that the defendant is the husband of the patient to whom there was supplied hospital care and board. A hospital record, duly admitted, was that of the "Account of John Cooper, for Alice Cooper, 1011 Centre Street, Brockton." The writ described the defendant as "John Cooper of 1011 Centre Street, Brockton, Plymouth County, Massachusetts." The return of service states that the deputy sheriff made an attachment of property of the "within named . . . John Cooper, 1,011 Centre Street, Brockton" and "afterwards on September 20, 1961, . . . summoned the within named defendant, John Cooper, to appear and answer at Court as within directed, by giving to him in hand a summons of this writ." The defendant appeared in response to this summons. While "bald identity of name without confirmatory facts or circumstances is not enough to indicate identity of person," *Ayers* v. *Ratshesky,* 213 Mass. 589, 594, there is evidence here which goes beyond "bald identity." The name and address appearing in the writ, the return, and the hospital record are identical. The

---

[1] "1. Upon all the evidence a finding for the defendant is required. 2. Upon all the evidence plaintiff has failed to establish that the charges for room and board were necessary items, and, therefore, cannot recover. 3. Upon all the evidence plaintiff has failed to establish that the items alleged were necessaries, and, therefore, cannot recover. 4. Upon all the evidence plaintiff has failed to establish the fair value of the items alleged due from the defendant, and, therefore, cannot recover. 5. Upon all the evidence there is no privity of contract between plaintiff and defendant. 6. Plaintiff has failed to establish that defendant is the husband of the party for whom charges as alleged were made, and, therefore, cannot recover."

defendant appeared and answered. The judge could find that the "John Cooper" who had joined issue upon the merits was the same "John Cooper" named in the hospital record. *Ryan* v. *DiPaolo,* 313 Mass. 492, 494–495. There was slight but sufficient evidence before the judge to warrant him in holding the defendant liable for the care of the patient, the cost of which was itemized in the account. *Herman* v. *Fine,* 314 Mass. 67, 69. The judge properly denied those requests which sought rulings to the effect that the services rendered by the hospital were not necessary. All of the defendant's requests were properly denied.

*Order dismissing report affirmed.*