*Western District*

**RALPH NUGENT**

**v.**

**POPULAR MARKETS, INC.**

Case tried to *Walsh, J.* in the District Court of Springfield. No. 177770.

Argued: June 28, 1965 — Decided: July 30, 1965

*Garvey, P. J.* In this food products action, brought under the Uniform Commercial Code, G. L. (Ter. Ed.) c. 106, §§2-314 and 315, the plaintiff was awarded damages on a count for breach of warranty of fitness and on a count for breach of warranty of merchantability. A report was claimed by the defendant.

We state in full the reported evidence as to the alleged sale by the defendant. "At the trial, there was evidence tending to show that the plaintiff purchased some food at the "Popular Market" where the plaintiff usually shopped for groceries in the Sixteen Acres shopping center in Springfield, Massachusetts on or about six o'clock in the evening on August 6, 1963. That the boysenberries were among such food purchased, and that evening the plaintiff suffered injury while eating said boysenberries."

The defendant claims that this evidence was insufficient to warrant the finding by the trial judge that the corporate defendant was the seller of the food that caused the defendant's injury. We agree.

To maintain this type of action the customer must prove a sale or contract of sale. *Lasky v. The Economy Grocery Stores,* 319 Mass. 224. The defendant's general denial put this question in issue. *Herman v. Fine,* 314 Mass. 67, 69. There was no evidence here that the defendant owned or operated a market for

the sale of food at Sixteen Acres, in Springfield. Identity or similarity of name alone is not sufficient to prove the identity of a person. In the *Herman* case, at page 68 the court said:

"In This Commonwealth 'Bald identity of name Without confirmatory facts or circumstances' seems never to have been considered quite sufficient to prove identity of person. *Ayers v. Ratshesky*, 213 Mass. 589, 593, 594, where the cases are discussed; *Commonwealth v. Briggs*, 5 Pick. 429; *Belknap v. Gibbens*, 13 Met. 471, 474; *Commonwealth v. Hollis*, 170 Mass. 433, 436; *Dolan v. Mutual Reserve Fund Life Association*, 173 Mass. 197, 202; *Baker, petitioner*, 310 Mass. 724, 731, 732. See *Hinds v. Bowen*, 268 Mass. 55, 58; *Souza v. Metropolitan Life Ins. Co.*, 270 Mass. 189, 192. The defendant's general denial made it incumbent upon the plaintiff to prove every element of his case, including the fact that the defendant was the person against whom he had a judgment. Although very slight evidence might have been enough, at least something more than identity of names was necessary".

See also *Lodge v. Congress Taxi Association, Inc.*, 340 Mass. 570, 574. In *Brockton Hospital v. Cooper*, 345 Mass. 616; *Viera v. Balsamo*, 328 Mass. 37; and *Doyle v. Continental Baking Co.*, 262 Mass. 516 the slight, but necessary, additional evidence to establish identity was present.

It was error to deny the request of the defendant that "The evidence does not war-

rant a finding that the defendant sold the plaintiff the goods described in the plaintiff's declaration".

*The finding for the plaintiff is to be vacated and judgment for the defendant ordered.*

Douglas R. Winniman, of Springfield, for the Plaintiff.

Stephen A. Moore, of Boston, for the Defendant.