*Western District*
No. 164704

**CLIFFORD H. GONYEA**

v.

**LEO A. BELLIVEAU**
MOTOR VEHICLES.
COLLISION. PASSENGER.

*Present:* Garvey, P.J., Moore, J. and Allen, J.
Tried to: *Walsh, J.,* in the District Court of Springfield.
# 164704.

*Garvey, P.J.* In this motor tort action there was a finding for the plaintiff. The defendant claimed a report. Did the evidence warrant the finding that the defendant was the operator of the motor vehicle causing injury to the plaintiff as a result of a collision with another motor vehicle in which he was a passenger, is the only issue briefed or argued by the defendant.

The reported evidence shows that the accident occurred on *November 17, 1959,* and the docket entries that the case was entered on *December 16, 1961* and heard on *March 15, 1967,* (emphasis supplied) and that the defendant did not appear or testify.

We quote from the report the only evidence offered by the plaintiff on the issue of identity. The plaintiff on direct examination testified:

> Q. "Did the driver of the other car have a discussion with you?" A. "We had a discussion. He said, 'I'm sorry for what I did. I was watching a girl. She distracted me.' He said, 'I'm Leo Belliveau'."

This evidence, without more was not sufficient to establish the identity of the defendant. See *Varisco* v. *Malovin,* District Court of Springfield, # 180308, decided today by this Division.

The report then states: "In further testimony the plaintiff testified the same man approached him three or four years ago (obvious-

ly between the time the action was entered and the date of trial) and said a lawyer contacted him and he didn't appear in court. The plaintiff in response stated, 'There's nothing I can do for you'.''

This summary of the plaintiff's testimony, vague as it is, seems to us, the ''slight evidence'' sufficient to establish identity. *Ryan* v. *DiPaolo,* 313 Mass. 492. *Brockton Hospital* v. *Cooper,* 345 Mass. 616. *Nugent* v. *Popular Markets, Inc.,* 1967 A. S. 1161. The trial judge could infer that the operator of the motor vehicle causing the plaintiff's injury acknowledged that he had been served with process.

**The report is to be dismissed.**

EDWARD N. HURLEY

of Springfield for the Plaintiff.

DARLING & McLAUGHLIN

of Waltham for the Defendant.