*Northern District*

No. 7227

## MIDDLESEX COUNTY NATIONAL BANK

v.

## VICTOR E. BRIGIDA, ET AL

Argued: Jan. 28, 1970. Decided: May 18, 1970.

*Present:* Connolly, J (Presiding), Durkin, J. Case tried to *Viola, J.* in the Third District Court of Eastern Middlesex #2827 of 1966.

*Durkin, J. This is an action of contract* in which the plaintiff, described as a banking corporation and allegedly duly organized by law, seeks to recover $2,000.07 alleged to be due it from the defendants, Victor E. Brigida and Josephine M. Brigida, both described as of Arlington, Middlesex County, on a so called ''Consumer Note'' which the plaintiff alleges it holds as assignee of the payee named thereon, Kitchens by Compton. (Kitchens).

Service was made on the defendant, Josephine M. Brigida, in Arlington, but service was not made on Victor E. Brigida, also described

in the original writ *as being of Arlington,* Middlesex County. It was necessary to obtain an order of notice for service on the defendant Victor E. Brigida, and in January, 1967, service was made on a person by the name of Victor E. Brigida in Boston, Suffolk County.

The answer filed by Victor E. Brigida, material to the issues involved in the questions reported, is general denial, a denial that the plaintiff is a corporation duly organized by law and a demand for proof of the same, and a denial of the validity of any signature the plaintiff may have on any document covering the goods allegedly sold and delivered and a demand for proof of their validity.

*There was evidence tending to show that* a witness, Fred Meter, a kitchen designer by trade, who was an employee of Kitchens, went to a residence in Arlington in response to a telephone call; that the first time he was there he saw and spoke with a woman who said her name was Josephine Brigida; that the second time he was there the same woman was there along with a man whom the woman said was her husband, Victor E. Brigida; that the witness had certain conversations with the two people, and that at some point in the conversation the woman left the house; that before she left, the woman told the man to "sign her name to anything that had to be signed" or words to that effect; that the witness and the man reached some sort of an agreement with

respect to the work to be done by the witness' company; that the man signed a note "in blank and before the amount was filled in" as well as a so called credit appication; that at the time, he signed both documents with the names "Victor E. Brigida" and "Josephine M. Brigida"; that the amount on the note, the date of the same, and other information were filled in more than a month later at the offices of Kitchens by someone else, and not in the presence of the man or woman; that he had never seen these two people before or since these two visits and did not know them personally.

There was evidence from an employee of the plaintiff tending to show that the plaintiff had paid Kitchens for the note and that payments had been received by the plaintiff on account of the note. Two exhibits were introduced into evidence by the plaintiff: (1) the purported note and (2) the purported credit application. There were no other witnesses and no other exhibits. Neither of the defendants testified.

The defendant Victor E. Brigida made eleven requests for rulings of law, but we need to consider only the following:

"1. The evidence warrants a finding for the defendant, Victor E. Brigida.

"2. The evidence warrants a finding that the signature on the note being sued on was not that of the defendant, Victor E. Brigida.

11. There is no evidence that this de-

fendant, Victor E. Brigida, is the same person being sued on the note in question.''

''On March 31, 1964, the defendants, husband and wife, owners of a residential building, applied to plaintiff, through one Fred Meter, representing 'Kitchens by Compton' a corporation engaged in kitchen construction, for a loan on a so called 'Property Improvement Plan'. At this time both defendants were present as was Mr. Meter. The conference took place in the defendants' home. After terms har been agreed upon between the parties, the defendant, Josephine, because of a dental appointment was unable to remain to sign the application and note, but instructed her hus-band to affix her signature to both items with his own. This was an unqualified authorization. On May 6, 1964, the application having been approved, a loan of $2,886.60 was made by the plaintiff to monthly payments of $48.11 beginning on June 5, 1964.

''Thereafter, payments were made regularly until June, 1966, when they ceased. At this time, there remained a balance due plaintiff of $1731.96 plus interest and reasonable attorney's fees. Both defendants participated in the monthly payments up to the cessation period. During the trial, and at a bench conference, attorneys for plaintiff and defendants informed the Court, informally that the defendants were and had been involved in a domestic problem that was then before the Probate Court

and that this was the cause of payment failures.

"Accordingly, I find for the plaintiff.

"On April 11, 1969, counsel for the plaintiff and counsel for the defendant, Victor E. Brigida, appeared for the Draft Report hearing. Counsel for the defendant, upon being asked if he intended to stand on his demand for proof that the plaintiff is a corporation duly organized by law as a defense, answered in the affirmative, whereupon the Court terminated the hearing and made the following order: "Action is re-opened on Court's motion to enable plaintiff to introduce evidence to establish that the plaintiff is a corporation duly organized under the laws of Massachusetts. Hearing is set for Thursday, May 1st, 1969, at 9:30 A.M.''

On April 14, 1969, the defendant, Victor E. Brigida, filed a request for a report on the matter of the trial judge's re-opening the case on his own motion. On May 23, 1969, the re-opened trial was held before the same justice, and, over the defendant's counsel's objection and claim of report, evidence was introduced sufficient to prove that the plaintiff corporation was duly organized by law, chartered as a national bank under the laws of the United States.

At the time of this "re-opened trial" and before final argument, the defendant's counsel made the following Request for a Ruling of Law:

"1. That the Trial Justice does not have the authority to re-open this action at this

time to enable plaintiff to introduce evidence to establish that the plaintiff is a corporation duly organized under the laws of Massachusetts.''

The re-opening of a case to permit additional evidence to be introduced rests in the discretion of the trial judge. *Kerr* v. *Pelmieri,* 325 Mass. 554, 557. *Saldi* v. *Brighton Stock Yard Co.,* 344 Mass. 89, 98. The principle exemplified by these cases permitted the trial judge, even on his own motion, to receive evidence at the re-opened hearing, in which he puts in question the judge's authority to re-open the case. We find no abuse of discretion.

The other matters raised, challenging as improper the judge's denial at the close of the original hearing of the male defendant's requests for rulings 1, 2 and 11, were not made the subject of any additional evidence at the re-opened hearing. We must therefore consider these matters in the light only of the principles applicable to the allegations and proof as they were developed at the original trial.

Request 2 sets up the lack of evidence sufficient to prove signature, this having been specifically set up in the answer accompanied by a demand for proof thereof at the trial. This is more than a rule of pleading; instead, the statute, G.L. c. 231, § 28, prescribes a rule of evidence. *True* v. *Dillion,* 138 Mass. 347, 348. And the burden of proof remains with the plaintiff. The demand for proof made it in-

cumbent upon the plaintiff to prove every fact, including signature, which was put in issue by the answer and not otherwise admitted. *Herman* v. *Fine,* 314 Mass. 67, 69. *Hill* v. *Crompton,* 119 Mass. 376. It is plain from the report that this burden of proof resting upon the plaintiff was not sustained. Examination of the ''Finding of the Court'' makes it obvious that there was no evidential basis for the statement therein that ''Both defendants participated in the monthly payments up to the cessation period.'' Mention in the same document of informal statements by counsel to the court regarding a domestic problem in which the defendants were involved, as being the cause of payment failures, cannot take the place of evidentially required proof. We are therefore constrained to rule that the judge erred in denying request 2.

Request 11 sets up the related problem of the lack of evidence of identity of the defendant, that ''There is no evidence that this defendant, Victor E. Brigida, is the same person being sued on the note in question''. The same difficulty, the same absence of proof, exists also as to the matter raised by this request. Mere identity of name was not enough. *Herman* v. *Fine,* 314 Mass. 67, 69. *Ayers* v. *Ratshesky,* 213 Mass. 589, 594. ''Although very slight evidence might have been enough, at least something more than identity of names was necessary''. And the general denial made

it incumbent upon the plaintiff to prove every element of his case. *Herman* v. *Fine*, supra, p. 69. On this point, the record as disclosed by the contents of the report presents no evidence, although very little might have been sufficient.

Request 1 reads "The evidence warrants a finding for the defendant, Victor E. Brigida". We have already held above that the judge erred in denying requests 2 and 11. Because neither signature nor identity was proved by the plaintiff, the case fell short of maintaining the burden of proof. The evidence therefore warranted a finding for this defendant, and request 1 should have been granted.

Since the evidence as reported both at the original and reopened hearings failed to make proper proof of the issues set up by the pleadings, there was prejudicial error in the denial of the defendant's requests for rulings 1, 2 and 11.

**The finding for the plaintiff against Victor E. Brigida should be reversed and judgment ordered for the defendant, Victor E. Brigida.**

ALBERT J. MAYER
  for plaintiff.
DAVID E. NEITLICK
  for defendant.