*Municipal Court of the City of Boston*

## No. 391020

# JOHN H. FINLEY
## v.
# GEORGE MATTSON

(October 15, 1976)

Case tried to *Doefer, J.,*    No. 391020.

Present: Lewiton, C.J.; Canavan, J.; DeGuglielmo, J.

**Lewiton, C.J.**   This is an action for rent and other payments allegedly due under a lease of real estate. At the close of the evidence the defendant requested a ruling that the plaintiff had not sustained his "burden of proof in identifying the defendant" as the lessee under said lease. The requested ruling was denied and a finding was made for the plaintiff. The denial of the requested ruling was error.

The plaintiff's complaint sets forth in four numbered paragraphs allegations (1) that by a lease dated March 24, 1974, the defendant[1] leased space in certain specified property of the plaintiff, and (2) that there was due to the plaintiff from the defendant unpaid amounts for rent and other charges pursuant to the lease. There were no allegations in the complaint identifying the defendant, nor was a copy of the lease attached to the complaint.

The defendant's answer set forth a denial of "each and every allegation of the plaintiff's complaint" and then alleged a series of separately stated and captioned special defenses, and also asserted a counterclaim against the plaintiff.[2] In his counterclaim, the defendant alleged that the plaintiff failed to provide the defendant with proper means of entrance and egress "from the place of business leased from the plaintiffs [sic] to the defendant", causing injury to the business of the defendant and resulting in loss to him. While the defendant, in some of his special defenses and in his counterclaim referred to a lease from the plaintiff, and to the premises covered by the lease, there is no specific reference therein to the particular lease or premises specified in the plaintiff's complaint.

---

[1] While paragraph 1 of the complaint states that "the plaintiff leased space in the plaintiff's property . . ." it is obvious that the first use of the word "plaintiff" in the quoted language was a clerical error, and that the word "defendant" was there intended to be used.

[2] It would appear from the totality of the defendant's answer, including the counterclaim, that he may have failed to comply with the requirements of Dist./Mun. Cts. R. Civ. ., Rule 8 (b), which provides in part that "(w)hen a pleader intends in good faith to deny only a part of a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may gener

No interrogatories or other means of discovery were utilized by either party. The defendant was not subpeoned by the plaintiff and did not appear at the trial. At the comencement of the trial, counsel for the defendant stated, upon inquiry from the court, that he did not intend to pursue the counterclaim. The docket contains the entry "Defendant waives counterclaim in open court". It also appears from the docket that the plaintiff did not file a responsive pleading to the defendant's counterclaim, or a motion for summary judgment.

At the trial the only witness was the plaintiff who introduced in evidence a lease which described the lessee or tenant as "George E. Mattson", with no further identifying information. It contained the signature of one "George E. Mattson", again without further identification. The defendant, on cross-examination of the plaintiff, caused the latter to produce from his files copies of bills which the plaintiff had mailed, addressed to "Mattson Academy of Karate, P. O. Box 1073, Brockton, Mass. 02401". These bills contained no further identification of the addressee and set forth charges for electricity, heat and taxes which are among the charges sought to be recovered in this action. Service was made on defendant by leaving at his last and usual place of abode, at 685 Oak

ally deny all the averments except such designated averments or paragraphs as he expressly admits; but when he does so intend to controvert all its averments, he may do so by general denial subject to the obligations set forth in Rule 11." However, since there was no action taken to determine whether the defendant actually intended in good faith to contradict all of the averments in the complaint, and if not, to require him to qualify his general denial or to strike it from his answer (See Rule 11 (a); **Arena v. Luckenbach Steamship Co., Inc.,** 279 F. 2d 186, 188-9 (C.A.1, 1960), cert. den. 364 U. S. 895 (1961), that pleading must be given full effect, imposing on the plaintiff the burden of proving each of the essential elements of his complaint.

Street, Brockton, Mass., a summons addressed to "George Mattson".

The report to this Division states that no stipulations or admissions of fact were entered into by either party.

In denying the defendant's request for ruling that the evidence of identity of the defendant was insufficient to sustain the plaintiff's burden of proof, the trial court said: "The defendant in his answer counterclaimed against the plaintiff and alleged therein that the plaintiff 'failed to provide the defendant with proper safe means of entrance and egress from the place of business leased from the plaintiff to the defendant', etc. The defendant is bound by his allegations of fact and cannot now be heard to say that he has not been properly identified by the plaintiff at trial. G.L.c. 231, §87. *Denuncio v. City Manager of Camb.,* 341 Mass. 420 (1960); *Wasserman v. Tonelli,* 343 Mass 253, 257 (1961)".

It is clear that the general denial pleaded by the defendant imposed on the plaintiff the burden of proving, among other things, that the defendant was the person properly to be charged under the lease which was the basis of the action. *Herman v. Fine,* 314 Mass. 67, 69 (1943); *Hinds v. Bowen,* 268 Mass. 55, 59 (1929); *Lodge v. Congress Taxi Ass'n., Inc.,* 340 Mass. 570, 574-5 (1960); *Decoteau v. Truedson,* 339 Mass. 759, 762 (1959). It is hardly necessary at this point to cite authorities for the well-settled proposition that such identity is not proved by a mere identity of names (*Herman v. Fine,* 314 Mass. 67, 69; *Hinds v. Bowen,* 268 Mass. 55, 59; *Deutsch v. Ormsby,* 354 Mass. 485, 488-9 (1968) ) even though slight additional evidence may suffice. *Horton v. Marston,* 352 Mass. 322, 326 (1967); *Ryan v. DiPaolo,* 313 Mass. 492, 495 (1943); *Brockton Hospital v. Cooper,* 345 Mass. 616, 617 (1963).

As noted above, there was nothing in the evidence offered by the plaintiff, including the lease being

sued on, to indicate that the "George Mattson" upon whom service was made in Brockton, Massachusetts, on November 13, 1975, was the same person as the "George E. Mattson" who signed a lease dated March 24, 1973 with the plaintiff covering certain property in Framingham, Massachusetts. The bills which were sent out by the plaintiff in April 1975, covering charges under said lease, and addressed to "Mattson Academy of Karate" tended to have a negative bearing, if any, on the issue of the defendant's identity as lessee.

In recognition of the absence of any evidence that this defendant was in fact the "George E. Mattson" who signed the lease in question, the plaintiff argued, and the court ruled, that the defendant was bound by the allegations in his counterclaim and that these allegations supplied the necessary identification of the defendant. However, this action was commenced and tried after July 1, 1975, the effective date of the District/Municipal Courts Rules of Civil Procedure. Rule 41 pertaining to dismissal of actions provides in paragraph (c) that a voluntary dismissal of a counterclaim may be made by the claimant alone at any time before a responsive pleading or a motion for summary judgment is served, or if there is none, before the introduction of evidence at the trial or hearing. Since the report shows that the defendant waived his counterclaim upon inquiry by the court "at the commencement of trial", we conclude that this occurred prior to the introduction of any evidence.

If material, this waiver of the counterclaim was acquiesced in by the trial justice and by the plaintiff. From the moment of this waiver, the counterclaim ceased to have any further vitality or applicability to this case and could thereafter in no event be relied upon to supply any of the necessary elements of proof of the plaintiff's case. *Harrington v. Metropolitan Transit Authority,* 345 Mass. 371, 373 (1963); *Stony v. Soar,* 322 Mass. 408, 412 (1948); *Taft v. Fiske,* 140

Mass. 250, 252-3 (1885); *Baldwin v. Gregg*, 12 Met. (54 Mass.) 253, 256 (1847); *Reynolds Jamaica Mines, Ltd. v. La Societe Naval Caennaise*, 239 F. 2d 689, 692 (4th Cir. 1956); Cf. *Fellows, Gamage Co., Inc. v. Jackman*, 296 Mass. 570, 573 (1937). Consequently, it was error for the trial justice to deny the plaintiff's requested ruling on the basis of the then non-existent counterclaim.

It remains to be considered whether the allegations of fact in the special defenses asserted by the defendant in his answer, which remained in the case throughout, may be held to have supplied necessary proof that the defendant was the lessee of the lease sued upon by the plaintiff, even though the trial justice made no reference to these special defenses in denying the defendant's requested ruling. As noted above, these special defenses contain certain general language with respect to an unidentified lease between the plaintiff and defendant concerning unspecified premises. We are of the opinion that plaintiff can derive no assistance from these allegations on the issue of the defendant's identity.

In numerous cases it has been held that it was improper, where the defendant had pleaded a general denial in addition to special defenses, to use averments contained in the special defenses as proof or evidence on issues raised by the general denial. *Herman v. Fine*, 314 Mass. 67, 69 (1943); *Lyons v. Ward*, 124 Mass. 364, 365 (1878); *Day v. Crosby*, 173 Mass. 433, 435 (1899); Cf. *Brockton Hospital v. Cooper*, 345 Mass. 616 (1963). The following language from the opinion in *Herman v. Fine* is particularly apposite to the facts of the instant case: "The defendant has not admitted that he is the person against whom the plaintiff's execution runs. On the contrary, he has denied it. He has also pleaded several affirmative defences. The justice has taken facts alleged by the defendant in setting up one of these affirmative defences and instead of using them as part of the pleading in con-

nection with that defence, he has used them in deciding an entirely different issue arising on the plaintiff's case in chief. This is using the pleadings as evidence and is contrary to the statutes [G.L.c. 231, secs. 87, 90] hereinbefore quoted. It has been held a number of times that facts stated in one count of a declaration cannot be used against the pleader in determining the issues upon another count, and that facts stated in pleading one separate and complete defence cannot be used in determining the issue upon another separate and complete defence . . . . These rules are in furtherance of justice and are directed to the end that parties shall have the full benefit of all claims and all defences which the facts may support without fear of losing one by alleging another." 314 Mass. 67, 69.

G.L.c. 231, §87 referred to in the foregoing quotation provides that in "any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them". G.L.c. 231, §90, which was applicable to civil actions until it was repealed[3] prior to the commencement of the instant case, provided that "if a defendant answers two or more matters in his defence, no averment . . . contained in one of them shall be used or taken as evidence against him on the trial of an issue joined on any other of them."

The plaintiff argues that since G.L.c. 231, §90 was repealed prior to the commencement and trial of this action, the principle enunciated in the foregoing quotation from *Herman v. Fine* is no longer applicable. We reject this argument. St. 1975, c. 377, which repealed G.L.c. 231, §90 was a comprehensive statute making numerous changes in the existing civil practise provisions of the General Laws. Its purpose was to provide an accomodation between the General Laws and the new District/Municipal Courts Rules of Civil

---

3 Repealed by St. 1975, c. 377, §98.

Procedure, which, like c. 377, were to become effective on July 1, 1975. It is significant in this connection that Rule 8 (e) (2) of these new Rules specifically authorizes a party to "state as many separate claims or defenses as he has regardless of consistency . . . ." It is obvious that the liberal purposes of this rule permitting separate and inconsistent defenses would be frustrated if a party could plead such inconsistent defenses only at the risk that facts alleged in one of them could be used to defeat a totally separate and different defense asserted by him. The reasoning of *Herman v. Fine, supra,* is fully as sound when applied to the pleading of separate inconsistent defenses under the new Rules, as when applied to pleadings under the pre-existing statute. It is not permissible under Rule 8 (e) (2) for the trier of fact to consider, on the issue of identity raised by the defendant's general denial, the averments set forth in the separate, special defenses pleaded by the defendant. This viw is consistent with decisions by the federal courts construing the cognate Rule 8 (e) (2) of the Federal Rules of Civil Procedure. *Continental Ins. Co. of N. Y. v. Sherman,* 439 F. 2d 1294, 1298 (5th Cir. 1971); *Gianone v. U. S. Steel Corp.,* 238 F. 2d 544, 549 (3rd Cir. 1956). This construction of Federal Rule 8 (e) (2) by the federal courts prior to the adoption of the District/-Municipal Courts Rules of Civil Procedure is to be given to our substantially identical Rule 8 (e) (2), "absent compelling reasons to the contrary or significant differences in content", (*Rollins Environmental Services, Inc. v. Superior Court,* —— Mass. ——, —— (1975)[4] none of which are here present.

In concluding, we cannot refrain from expressing our concern about the waste of time and energy on the part of counsel and appellate courts in the review of rulings involving simple questions of identification which could be readily resolved prior to trial by use of the simple devices of interrogatories, notices to

---

[4] Mass. Adv. Sh. (1975) 2052, 2060

admit facts, or stipulation of counsel, where such identity is not admitted by the pleadings but is actually not in dispute. The use of such devices to eliminate the expenditure of time and effort at trials in proving identity or other undisputed facts would be a major contribution to efforts to reduce congestion in the trial courts of the Commonwealth.

Judgment for plaintiff vacated. **Case remanded for new trial.**