Burnham, J.
This is an action of contract to recover upon a foreign judgment against the defendant entered by the District Court for Tulsa County, Oklahoma, in the amount of $783.00 plus interest, court costs and attorney’s fees in the amount of $300.00.
The defendant’s answer was that the complaint failed to state a claim upon which relief could be granted, and that the Oklahoma court had neither personal jurisdiction over the parties nor subject matter jurisdiction over the plaintiff’s underlying claim.
The court found for the plaintiff in the sum of $1,083.00 plus interest and costs.
*96 We summarize the evidence as follows: —
Plaintiff offered and, over defendant’s objection, the court considered as evidence: the complaint in the instant matter; the journal entry of judgment in the case of Old Village, Inc. v. Jerry Wolf, for the District Court for Tulsa County, Oklahoma; a certified copy of the petition filed by plaintiff in the Oklahoma case; a certified copy of the summons showing that service was obtained by certified mail; and the summons served upon the defendant in this case. The court took judicial notice of Oklahoma law concerning the requirements for service out-of-state and the bases of jurisdiction, to wit, Okla. Statute 12, § 170.1 and 1701.03.
Neither plaintiff nor defendant offered any testimony, and there was no other evidence before the court.
At the close of the case and before argument, the defendant made requests for rulings which, with the court’s disposition thereof, were as follows:
1. The evidence warrants a finding for the defendant.
COURT: Denied. See findings of fact.
2. The evidence does not warrant a finding for the plaintiff.
COURT: Denied.
3. Full faith and credit is not granted to a judgment obtained in a foreign state where jurisdiction of the defendant was not obtained.
COURT: Allowed, but see findings of fact.
4. In an action claiming jurisdiction over the person, service on a non-domiciliary must be personal and within the state, or the defendant must appear personally or by his attorney and submit to the jurisdiction of said court.
COURT: Allowed, but see findings of fact.
4A. A foreign judgment need not be recognized if the foreign court was a ‘seriously inconvenient forum’ for trial of the action, as was this instant case. G.L.c. 235, § 23A (6).
COURT: Allowed, but see findings of fact.
5. The evidence warrants a finding that in the plaintiff’s action in the State of Oklahoma, jurisdiction was not had on the person of the defendant.
COURT: Denied. See finding of fact.
6. The evidence does not warrant a finding that the defendant was a resident of the State of Oklahoma when the alleged judgment was obtained or that he was served in said state or that he had ever done business in said state.
COURT: Allowed, but see finding of fact.
7. The evidence does not warrant a finding that the defendant is or was the Jerry Wolf against whom the plaintiff recovered the judgment on which this action was brought.
COURT: Denied.
The court made the following findings of fact:
The defendant is the Jerry Wolf against whom the plaintiff recovered the judgment on which this action was brought.
The contract between the plaintiff and defendant provides that it is to be governed by the laws of the State of Oklahoma and that any action brought to enforce any rights under the contract shall be brought in the State of Oklahoma. The defendant submitted to the jurisdiction of the State of Oklahoma.
The defendant was lawfully served with a summons in accordance with the laws of the State of Oklahoma on June 4, 1975 and failed to plead or answer and under Oklahoma law was thereby in default.
On July 14,1975, the District Court for Tulsa County, Oklahoma, gave the plaintiff ajudgment in the sum of $783.00, interest thereon at the rate of 10% *97 from date of judgment, court costs, and attorneys fees in the sum of $300.00.
Plaintiff has put forward evidence that defendant was properly served, which has not been rebutted. No evidence was introduced that the Oklahoma court was a seriously inconvenient forum for trial of the present action.”
The defendant claims to be aggrieved by all of the court’s rulings and its findings of fact.
Where the defendant offered no evidence, and where the uncontroverted evidence presented by the plaintiff supported a finding in its favor, there was no error in the court’s rulings that the evidence did not warrant a finding for the defendant, and did warrant a finding for the plaintiff.
There was support in the evidence for the court’s finding that the Oklahoma court had jurisdiction over the person of the defendant, who, the court found, had sumbitted to the jurisdiction of the State of Oklahoma, and therefore there was no error in its rulings on Requests #3, 4, 5, and 6.
Mass. G.L.c. 235, § 23A(6) provides that “a foreign judgment shall not be recognized if... (6) in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial.... ” Defendant urged at trial that the court take judicial notice that Oklahoma was an inconvenient forum for the trial of the action upon which the instant suit is based. The court declined to do so, and no evidence was presented as to this defense. While the defendant requested a report of this ruling, it failed to claim such a report in writing, as it is required to do pursuant to the provisions of Rule 64(A) of the Dist./Mun. Court Rules of Civil Procedure. There was no error, therefore, in the court’s ruling on Request #4A.
The defendant asserts in this appeal that the evidence did not support the court’s finding that the defendant named here was the same defendant against whom the plaintiff recovered judgment in Oklahoma. While the law is that “bald identity of name without confirmatory facts or circumstances is not enough to prove identity of person, ’ ’ Herman v. Fine, 314 Mass. 67(1943), the issue of identity was not here raised as a defense by the answer, as was the case in Herman v. Fine. Moreover, paragraph 2 of the complaint in this action alleged that this defendant resided at 6 Leighton Road, Hyde Park. The summons in the Okalhoma action was served upon the defendant there, one Jerry Wolf, at the same address — 6 Leighton Road, Hyde Park. There was no error in the court’s ruling on Request #7.
The defendant here further complains that the court erred in admitting into evidence the plaintiff s complaint in this matter and the documents from the underlying action in Oklahoma. The law is quite clear that pleadings are not evidence, Mass. G.L.c. 231, § 87, and it was error for the court to accept as evidence the plaintiff’s complaint. However, the defendant failed to preserve his claim for appeal of this evidentiary ruling by filing a written report pursuant to Rule 64A, and therefore the matter is not properly before us.
Where there is no prejudicial error in the court’s action on the defendant’s requests for rulings of law, and where his findings are supported by the evidence, the report is ordered dismissed.

Report dismissed.