Elam, C.J.
This is an action in which the plaintiff, National Shawmut Bank of Boston, seeks to recover $7,000.00 allegedly deposited by error into the account of the defendant, Thomas G. Pelkey. The suit was commenced in Suffolk Superior Court by writ dated May 2,1973 against “ThomasG. Pelkey, formerly of the Dorchester District of Boston, County of Suffolk, but now residing in Winthrop, Maine. ’ ’ Service was made by registered mail, return receipt requested, on the defendant Pelkey at 144 Main St, Winthrop Maine. The return receipt was signed by Thomas G. Pelkey and filed with the Court pursuant to an affidavit of service. An answer in abatement was filed but not marked for a hearing within the prescribed year thereof. Subsequently, an answer denying the allegations of plaintiffs declaration was filed.
At the trial, plaintiff introduced evidence to show that on May 9, 1972 a savings account was opened at the plaintiffs Gallivan Boulevard branch in the names of Carl E. Hewson and Hortense Y. Hewson and that on the following day at the same branch an account was opened in the name of Thomas G. Pelkey, 110 Fuller St., Dorchester, Mass. There was further introduced into evidence at the trial three deposit tickets with respect to the Pelkey account, each in the sum of $ 100., totalling deposits of $300.00. Also introduced were four withdrawal slips on the Pelkey account totalling $7,299.00. A deposit slip of Carl E. Hewson for the sum of $7,000.00 was also put into evidence. This deposit slip bore the account number of that assigned to Thomas G. Pelkey (10-893-750-8).
The defendant Pelkey did not appear personally to testify and his attorney rested without introducing any evidence. At the close of the evidence, the plaintiff filed requests for rulings of law. Those requests and the trial judge’s rulings on the same follow:
Request No. 1. The evidence Warrants a finding for Shawmut in this action considered as a whole.
Ruling: ‘ ‘Denied. I find that the plaintiff has failed to identify the defendant named in his writ and declaration as the person who was named as the account holder in the plaintiffs bank record.”
Request No. 2 The evidence warrants a finding for Thomas G. Pelkey, the defendant in this account, considered as a whole.
Ruling: “Allowed”.
Request No. 3. The evidence considered as a whole compels a finding for Shaw-mut.
*194 Ruling: “A finding for the Shawmut Bank is not compelled if ‘compels’ means ‘requires’ ”.
Request No. 4. Where money deposited by one person is by mistake credited to another person, and drawn out by him, it may be recovered by the bank from the person to whom it was paid by mistake. 5A MICHIE, BANKS AND BANKING 118 (1973).
Ruling: “Allowed”.
Request No. 5 The evidence considered as a whole does not compel a finding for Pelkey.
Ruling: ‘ ‘Denied. 1 find that the plaintiff has failed to identify the defendant named in his writ and declaration as the person who was named as the account holder in the plaintiffs bank.”
Request No. 6. The court has jurisdiction over Pelkey in this action'. !
Ruling: “The court has jurisdiction over Pelkey named in the writ and declaration.”
It is the law of this Commonwealth that ‘ ‘bald identify” of name without confirmatory facts or circumstances has never been sufficient to prove identity of a person although slight evidence would suffice. Herman v. Fine, 314 Mass. 67, 68 (1943); Brockton Hospital v. Cooper, 345 Mass. 616, 617-618 (1963); O’Connor Lumber Co., Inc. v. Burns, 1982 Mass. App. Div. 31. In each of the cited cases the court makes it quite clear that there need be very slight evidence in addition to bald identity of name, in order to satisfy the question of identity. In the Popular Markets case, a letter addressed to the defendant at an address different than that at which plaintiff made his purchase was held sufficient to prove identity. In the Brockton Hospital case, a return of service showing in-hand service of the defendant at the same address to which plaintiff had sent defendant business correspondence was sufficient to prove identity.
In the instant casé, the court should have taken judicial notice, of the plaintiffs affidavit of service which contained a return receipt bearing the signature of Thomas G. Pelkey. Further, the court should have compared the signature on the return receipt with the signature of Thomas G. Pelkey on the withdrawal slips introduced into evidence during the course of the trial. Having done so, the court would have recognized a similarity in the signatures and thus would have been satisfied that there was more than mere bald identity of name in this matter.
It was error, therefore, for the trial judge to allow requests 1, 3 and 5, and to deny request no. 2. The court’s findings are hereby reversed and judgment is to be entered for the plaintiff in the sum of $7,000.00 with interest and costs.